46 · NEBRASKA REPORTS. [VOL. 115

State, ex rel. Spillman, v. Farmers State Bank.

---

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. FARMERS STATE BANK OF ADAMS: E. J. DEMPSTER, RECEIVER, APPELLEE: UNION AUTOMOBILE INSURANCE COMPANY, CLAIMANT, APPELLANT.

FILED DECEMBER 1, 1926. No. 25267.

APPEAL from the district court for Gage county: WILLIAM J. MOSS, JUDGE. *Reversed.*

*G. E. Hager* and *L. R. Doyle,* for appellant.

*C. M. Skiles* and *Homer L. Kyle, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

PER CURIAM.

This action arises out of the failure of the Farmers State Bank of Adams, Nebraska, and involves the question as to whether three certificates of deposit, issued by that bank to the Union Automobile Insurance Company, hereinafter called the claimant, should be allowed as preferred claims and ordered payable out of the depositors' guaranty fund.

Claimant presented to the receiver, for allowance as preferred claims, four certificates of deposit—two for $2,000 each and two for $1,500 each. The receiver objected to the allowance of any of the claims, on the theory that the certificates did not represent valid and *bona fide* deposits made in the bank, such as are entitled to priority and payment out of the guaranty fund. The court found and determined that one of the certificates for $2,000 was a valid deposit and entitled to preference and payment out of the

VOL. 115]    SEPTEMBER TERM, 1926.    47

State, ex rel. Spillman, v. Farmers State Bank.

guaranty fund, but found that the other three certificates, aggregating $5,000, were not entitled to preference, but were allowable as general claims against the bank. Claimant has appealed.

The real question in controversy in this case is whether or not the three certificates represent deposits which were made pursuant to a collateral agreement and in contravention of section 39, ch. 191, Laws 1923, which was in force at the time of the transaction herein involved. Said section provides: "No state bank shall receive any deposit upon any collateral agreement or condition other than an agreement for length of time to maturity and rate of interest, and no money deposited in any such bank, upon any such collateral agreement or condition, shall be guaranteed by the depositors' guaranty fund."

There are several assignments of error, only two of which will be considered: First, that the allegations in the receiver's pleading, in the nature of an answer, are insufficient to present the defense that the deposits in question were made upon a collateral agreement. It is true that the allegations in this respect are quite general, but they were sufficient to advise claimant that the receiver was contesting the allowance of the claims as preferred, on the theory that they were not *bona fide* deposits, such as are entitled to the protection of the depositors' guaranty fund. Had claimant desired a more specific and definite statement of the receiver's defense, he should have made timely application therefor. This he failed to do. In view of the fact that the pleading was not attacked, it should receive a liberal construction. We are of the opinion that, in the absence of a request for a more definite statement of the evidence, the answer is sufficient to raise the defense relied upon.

The second assignment is that the judgment is not supported by the evidence. The judgment of the court, denying three of the certificates a preference, was undoubtedly based upon the belief that the deposits were made upon a collateral agreement. It is the contention of the receiver

State, ex rel. Spillman, v. Farmers State Bank.

that the deposits were made pursuant to an agreement with the insurance company that it would make such deposits in consideration of the cashier of the bank acting as agent for writing insurance in the company, and that the vice-president of the insurance company procured the $5,000 deposit to be made upon an agreement that the bank would loan him personally $2,500.

From the record it appears that in the early part of 1923, Larson, the cashier of the Farmers State Bank, was appointed agent of the Bankers National Life Insurance Company. Thereafter the said insurance company made time deposits in the bank as follows: April 12, 1923, $2,000, July 17, 1923, $5,000, for both of which certificates of deposit were issued. It further appears that, pursuant to an agreement between Larson and the vice-president of the insurance company, when insurance was written by Larson the premiums received were deposited in the bank to the credit of the insurance company, and there was an agreement between them that these premium deposits should remain for some time. The only tangible evidence as to any collateral agreement with reference to the two time deposits is the circumstance that the deposits were made shortly after Larson was appointed agent; that near the time when the $5,000 was deposited the bank made a loan of $2,500 to the vice-president of the insurance company, and a letter written by the vice-president to Larson on the 25th of June, 1923, from which the following is an excerpt: "In regard to the company drawing out money, we would not draw out any deposits we made with you, but simply withdraw that part of the deposit which was represented by premiums written, and this was according to my agreement with you." Larson was the only witness called, and he testified that this statement in the letter had reference to the premium account in the bank and had no reference to the time deposits. In this he is corroborated by the fact that shortly before the date of this letter the insurance company had withdrawn from the premium account in the bank the sum of $936. The whole tenor of the

letter indicates that the bank, or some of its officers, had protested against withdrawal of these funds; hence, the letter of the vice-president. A careful reading of the letter indicates that the language therein, referring to an agreement, has reference to the premium account, or deposit of premiums, in the bank, and not to the time deposits.

We think the evidence is wholly insufficient to show that either the $2,000 or the $5,000 deposit was made upon any collateral agreement. The positive testimony of Mr. Larson is to the contrary and this testimony is sufficient to overcome any suspicion that might arise from the circumstances detailed. These two certificates were sold by the Bankers National Life Insurance Company to the claimant in this case, and when they matured the bank issued to the claimant the four certificates of deposit forming the basis of the claim in controversy. The evidence clearly shows that the sums of $2,000 and $5,000 were deposited in the bank, and further shows that the deposits were not made under any circumstances which violate or transgress any provision of the bank guaranty law.

It follows that the judgment of the district court, in so far as it denies preference to the three certificates of deposit, aggregating $5,000, and adjudges that they are not payable out of the guaranty fund, is erroneous and should be reversed. On the record as presented, judgment should have gone for claimant on all four certificates, allowing them as preferred claims payable out of the guaranty fund.

The judgment of the district court is reversed and the cause remanded.

REVERSED.