JESSE KOCHENTHAL ET AL., EXECUTORS, APPELLANTS, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED JANUARY 8, 1932. No. 28034.

*Morsman & Maxwell,* for appellants.

*Edward J. Shoemaker, contra.*

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

PER CURIAM.

This is an action to recover damages resulting from an unlawful trespass on real estate. From a judgment in favor of the defendant in the trial court, the plaintiffs appeal.

The plaintiffs claim that the defendant trespassed on the real estate by fastening to the front wall of the second floor a guy wire supporting the trolley wires used by the defendant in the operation of an electric railway system; that the strain from this wire and the jarring from the use thereof by the defendant in the operation of its cars damaged the wall of the building; that the damages were $325 which was the expense of repairing the wall. The

defendant admits that it attached its wire to plaintiffs' building, but denies that any damage resulted therefrom, and alleges that the repairs necessary to the wall were not at the place of attachment or caused by said attachment.

One assignment of error is that the court permitted the defendant's witness, Edgecomb, to testify to statements which he claimed he made to one of the plaintiffs to the effect that he was of the opinion that the damage to the plaintiffs' wall was not caused by the attachment of the wire by defendant but was rather caused by the deterioration of the brick wall. The expert testimony of the witness Edgecomb at the trial states his opinion in the same language and to the same effect as he testifies he stated it to the plaintiffs at a previous time. There are good reasons why the testimony complained of should have been excluded, but since it was an expression of an opinion by an expert, identical with his opinion given at the trial, its reception was not prejudicial to the plaintiffs.

It is also contended by the plaintiffs that the cross-examination of witnesses was unduly restricted. The cross-examination of the witnesses of the defendant was relative to the number of supports for the trolley wires on Douglas street for a distance of a block from the building and the trolley wire involved in this case. This court is of the opinion that the proposed cross-examination was too remote to be material to the issues in this case and that in this respect the limitation of the trial court was not an abuse of its discretion.

The petition alleged the trespass on the part of the defendant on plaintiffs' property, while the answer admits the trespass. The defendant having admitted the trespass, the court should have instructed the jury to return a verdict for nominal damages and failure to so instruct was error. The petition alleged that plaintiffs' property had been damaged by the trespass to the extent of the cost of repair and the prayer was for exactly the said amount. The defendant denied any damage to the building caused by its trespass. This question of substantial damages was sub-

mitted to the jury under proper instructions and the verdict responsive thereto was in favor of defendant. There is no error which requires the resubmission of this case to a jury.

However, since under the pleadings the trial court should have instructed the jury to return a verdict at least for nominal damages, the judgment is reversed and the cause remanded, with directions to the trial court to enter a judgment in favor of the plaintiffs for a sum not exceeding $1.

REVERSED.