GEORGE ROSE SODDING & GRADING COMPANY, INC., APPELLANT, v. CITY OF OMAHA, DOUGLAS COUNTY, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

193 N. W. 2d 556

Filed January 21, 1972. No. 37972.

Frank Meares, for appellant.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, James E. Fellows, Allen Morrow, John Abbott,

Verne Vance, George Selders, and Kent Whinnery, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

By request for admissions, the defendant City of Omaha admitted pumping raw sewage onto plaintiff's property at least 6 times in the years 1968 and 1969. In this trespass suit, plaintiff alleged damages to trees and that plaintiff was put to the expense of using road grading equipment to remove the raw sewage that blocked the driveway.

The district court directed a verdict for the city because of failure of proof that any tree damage was proximately caused by the flow of the sewage. It refused to hear testimony on the issue of the reasonable cost and expense of the removal of the sewage from the plaintiff's driveway. We reverse the judgment of the district court.

Amidst a series of questions to the plaintiff concerning the value of the trees allegedly damaged by the sewage, the record reveals the following colloquy upon direct examination of plaintiff: "Q. BY MR. MEARES: How many hours did you spend grading after the sewage spilling? THE COURT: What was the question? MR. MEARES: Do you know how many hours you spent grading after the sewage—MR. STEIN: I will object to that as not within the issues. THE COURT: I will sustain the objection; not within the issues. MR. MEARES: I think that is in the Petition. Just bear with me a moment. Paragraph 7 of the Petition speaks of road grading. MR. STEIN: This is the value of the trees that you are asking. THE COURT: That is correct. The objection is sustained."

It is clear from the record that the above ruling of the court was based on the following exchange between plaintiff's counsel and the court during his attempt to prove tree damage: "Q. BY MR. MEARES: And what

is the value of those trees that you burned in '66? MR. STEIN: I will object to that as lack of proper and sufficient foundation, and also the conditions of the trees when he burned them; no evidence of valuation, and the condition also. THE COURT: Is it your theory that your damage is limited to the amount of trees *which have been burned;* is (this) your theory that you are proceeding under now? MR. MEARES: That were destroyed, yes your Honor. THE COURT: That is what you are proceeding on? MR. MEARES: *First the burning—*THE COURT: *Is that the theory?* MR. MEARES: *Yes.* THE COURT: I think you better lay a little more foundation." (Emphasis supplied.)

The plaintiff had attempted to prove the value of his trees at the time of the *planting.* Having difficulty, he attempted to show the value of *the trees* (nothing else) in the year some were pulled out *and burned.*

Further analysis is superfluous. A fair construction of counsel's statement is an admission that the tree damage claimed was limited to those that had to be burned. We find no indication whatsover of any abandonment of the entirely separate allegation of expense of removal of the sewage from his premises. To bar competent proof of this allegation was error, especially since general pleadings are to be liberally construed. State ex rel. Spillman v. Farmers State Bank of Adams, 115 Neb. 46, 211 N. W. 178; Paup v. American Tel. & Tel. Co., 124 Neb. 550, 247 N. W. 411.

There was no offer of proof, but the questions propounded fairly indicate what plaintiff sought to establish by the answers under the corresponding allegation of the petition. See Williams v. Fuller, 68 Neb. 354, 94 N. W. 118. See, generally, Comments, Offers of Proof in Nebraska, 43 Neb. L. Rev. 105 (1963); 88 C. J. S., Trial, §§ 73, 74, pp. 179, 180, 181. The limitations of the proof and the sustaining of the objection were reversible error.

We further point out, on remand, since the trespass was admitted, that the plaintiff was entitled to an award

of nominal damages. See Kochenthal v. Omaha & C. B. St. Ry. Co., 122 Neb. 244, 240 N. W. 295.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

BOSLAUGH, J., concurs in result.

CLINTON, J., participating on briefs.