GEORGE ROSE SODDING & GRADING COMANY, INC., APPELLANT, v. CITY OF OMAHA, DOUGLAS COUNTY, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

205 N. W. 2d 655

Filed March 30, 1973. No. 38603.

Frank Meares, for appellant.

Herbert M. Fitle, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Plaintiff prosecutes this appeal, alleging the inadequacy of a jury verdict of $4,500 in its favor. This is the second appearance of this case in this court. In the first appeal, 187 Neb. 683, 193 N. W. 2d 556, we filed an opin-

ion January 21, 1972, reversing a directed verdict for the city of Omaha, and remanding the cause for trial. The trespass being admitted, the plaintiff was entitled to at least nominal damages. We affirm.

An extensive discussion of the facts is unnecessary. Because of inadequacies and defects in an old pump station at approximately Fiftieth and C streets in Omaha, Nebraska, city personnel on occasion pumped sewage into an 18-inch culvert under Fiftieth Street. This culvert dumps into a small ditch or swale on the north end of the property leased by the plaintiff. For lack of a defined drainage channel the ditch would become full, and the sewage would spread out onto the plaintiff's property. The trial court directed on liability in favor of the plaintiff, and the jury returned a verdict of $4,500.

Plaintiff's assignments of error are as follows: "1. The trial court erred in failing to instruct the jury to award the plaintiff treble damages if it found that willful trespass occurred injuring the trees or shrubs of the plaintiff.

"2. That the trial court erred in overruling plaintiff's motion for new trial complaining of Instructions 5, 6, 10, 11 and 12."

Plaintiff's first assignment of error is premised on section 25-2130, R. R. S. 1943, which is as follows: "For willful trespass, injuring any timber, tree or shrub on the land of another, or in the street or highway in front of another's cultivated ground, yard, or town lot, or on the public grounds of any town, or any land held by this state, for any purpose whatever, the trespasser shall pay treble damages at the suit of any person entitled to protect or enjoy the property aforesaid."

The difficulty with plaintiff's assignment of error is that it failed to plead for statutory treble damages under the statute. The general rule is evidenced by the following from 22 Am. Jur. 2d, Damages, § 294, p. 390, which provides: "One who seeks to recover multiple—that is, double or treble—damages given by statute must

distinctly claim them in his complaint. It is insufficient merely to set forth facts upon which a liability therefor might arise. If the case is one where there is also a common-law remedy, they must be claimed by reference to the statute. It is sufficient, however, to recite the facts constituting a cause of action within the statute and then to give a reference to the act itself.

"The complaint must state such facts as will clearly bring the defendant within the provisions of the statute. For example, if the statute authorizes the recovery of such damages for a wilful act, it must be alleged that such act was wilful in order to recover them. A mere allegation that it was done unlawfully is insufficient."

Even if a willful trespass had been pleaded and proved, the defendant failed to assign the failure to give the instruction in its motion for a new trial. We said in Stauffer v. Wilson (1967), 182 Neb. 129, 153 N. W. 2d 454: "The law is well established in this jurisdiction that alleged errors of the trial court in an action at law which are not referred to in a motion for new trial will not be considered in this court."

We find no merit in plaintiff's second assignment of error. The instructions complained of are not prejudicially erroneous in any particular. In any event, the notes of the trial judge indicate that the parties approved the proposed instructions. If plaintiff was not satisfied with the instructions it should have made a record at that time.

Plaintiff's chief complaint is that the damages allowed are clearly inadequate under the evidence. We do not find the evidence to be so conclusive as the plaintiff believes it to be. The evidence would support a verdict in a lesser or a greater amount. There is enough conflict in the evidence to permit the jury to go either way, depending upon its determination of the facts. In Cover v. Platte Valley Public Power &. Irr. Dist. (1962), 173 Neb. 751, 115 N. W. 2d 133, this court said: "The

remaining question is whether the verdict is so inadequate that it must be set aside. A verdict will not be set aside as inadequate unless it is clearly against the weight and reasonableness of the evidence and is so disproportionate to the injury proved as to indicate that it was the result of passion, prejudice, mistake, or some other means not apparent in the record, or that the jury disregarded the evidence or rules of law."

The judgment herein is affirmed.

AFFIRMED.