STATE OF NEBRASKA, APPELLEE, V. DONNA L. TURNER, APPELLANT.
355 N.W.2d 219

Filed September 21, 1984.   No. 84-039.

James T. Hansen, for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.
Defendant, Donna L. Turner, appeals from the affirmance by the district court of the sentence imposed by the county court for reckless driving. The gravamen of Turner's assignments of error is that she was not properly arraigned by the county court.

The posture of the matter is such, however, that the only question before us is whether the record supports the sentence. The record does support the sentence; we therefore affirm.

The transcript reveals that this case began as a prosecution in the county court for third offense driving while intoxicated and refusal to submit to a chemical test. The driving while intoxicated charge was later reduced to reckless driving. On October 27, 1983, Turner was sentenced on the reckless driving charge to 20 days in the Box Butte regional jail, fined $100, and assessed the costs. She was also sentenced on the charge of failure to submit to a chemical test. She then appealed to the district court only the sentence imposed for the reckless driving offense. The appeal was submitted to the district court on January 6, 1984. On January 10, 1984, that court affirmed the sentence imposed by the county court. The appeal to this court followed.

Although there has been filed in this court a bill of exceptions from the county court, it is not, for reasons which will be discussed hereinafter, properly before us. Therefore, the State's motion to strike the same is hereby sustained. No bill of exceptions of the proceedings in the district court has been filed in this court.

The district court in this case served as an intermediate court of appeals reviewing for error appearing on the record. Neb. Rev. Stat. § 24-541.06(1) (Cum. Supp. 1982); Neb. Rev. Stat. § 29-613 (Reissue 1979); *State v. Olson,* 217 Neb. 130, 347 N.W.2d 862 (1984); *State v. Ferris,* 216 Neb. 606, 344 N.W.2d 668 (1984).

Section 24-541.06(2) provides that the county court bill of exceptions, if filed with the district court before the hearing, shall be considered admitted in evidence on the hearing of the appeal. The record establishes that the county court bill of exceptions was not filed in the district court until April 19, 1984; that is to say, not until 104 days after the appeal was submitted and 100 days after the district court rendered its decision. The county court bill of exceptions was therefore not in evidence before the district court.

In a criminal prosecution an assignment of error which requires an examination of evidence cannot prevail in the

absence of a bill of exceptions. In such a case the only question is whether the pleadings are sufficient to sustain the judgment of the trial court. *State v. Robinson*, 215 Neb. 449, 339 N.W.2d 76 (1983); *State v. Harris*, 205 Neb. 844, 290 N.W.2d 645 (1980). In the absence of the county court bill of exceptions, the only question before the district court was whether the sentence imposed by the county court was sustained by the operative complaint. The question is the same in this court.

The complaint clearly supports the sentence; reckless driving is punishable by imprisonment in the county jail for not less than 5 days nor more than 30 days, or by a fine of not less than $25 nor more than $100, or by both such fine and imprisonment.

Any claim that the sentence is excessive would be bound to fail. The presentence report established Turner has an alcohol addiction and has been convicted of a variety of traffic offenses, including at least five driving while intoxicated offenses. As has repeatedly been said, a sentence imposed within statutory limits will not be set aside absent an abuse of discretion. *State v. Clark*, 217 Neb. 417, 350 N.W.2d 521 (1984). No such abuse of discretion is present here.

AFFIRMED.