STATE OF NEBRASKA, APPELLEE, V. RICHARD H. JACKSON,
APPELLANT.
371 N.W.2d 679

Filed August 2, 1985.   No. 84-949.

Donald B. Fiedler and Deborah R. Pred of Fiedler Law
Offices, for appellant.

Robert M. Spire, Attorney General, and Calvin D. Hansen,
for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Richard H. Jackson appeals his conviction of operating a
motor vehicle while under the influence of alcoholic liquor,
second offense, in violation of Neb. Rev. Stat. § 39-669.07(2)
(Reissue 1984), following his plea of no contest to the charge in
the Sarpy County Court. The county court sentenced Jackson
to 30 days in jail, imposed a fine of $500, and suspended
Jackson's driving privileges for 1 year.

Jackson was initially charged with one count of "driving
while intoxicated," second offense, and one count of refusal to
submit to a chemical blood, breath, or urine test required by
Neb. Rev. Stat. § 39-669.08(4) (Reissue 1984). On October 3,
1983, Jackson entered a plea of not guilty to both charges. On
May 8, 1984, pursuant to a plea bargain, the State dismissed the
charge alleging Jackson's refusal to submit to a chemical test,
and Jackson entered his plea of no contest to the charge of
driving while intoxicated, second offense. When the judge
accepted Jackson's plea, the following colloquy occurred:

> THE COURT: You wish to plead "no contest" to
> driving while intoxicated. Is that correct?
> MR. JACKSON: Yes, sir.
> THE COURT: And do you understand that a plea of
> "no contest" is treated the same as a plea of "guilty" for
> purposes of sentencing?

MR. JACKSON: Yes, Your Honor.

THE COURT: Do you also understand that by pleading "no contest" it's treated the same as a plea of "guilty" in that you waive your constitutional rights including your right to a jury trial, your right to confront the witnesses that would testify against you and your privilege against compulsory self-incrimination?

MR. JACKSON: Yes, Your Honor.

The transcript in Jackson's case includes a document entitled "COURT RECORD" as follows:

Arraignment held   5/8/84          Re-arraigned       
                 date                                    date

Original/Amended Complaint _____

Defendant present   JLC.              Defense Counsel   Debra Pred

State's Counsel   Wm. MacKenzie

Constitutional rights explained   JLC.

Understands rights   JLC.             Explanation waived   \_\_\_\_

Understands Guilty/No Contest plea waives right to counsel, public/jury trial, right to confront/cross-examine/subpoena witnesses, testify, privilege against self-incrimination, presumption of innocence, burden of proof  JLC.

Plea bargain:   Plead to   ①   and dismiss   ②

Elements of offense explained   _____

Understands elements   _____

Penalty explained   JLC.          Understands penalty   JLC.

Jail waived   _____

Plea entered   Oct. 3, 1983        Counts: Guilty   _____
                  date

No Contest   _____        Not Guilty   1, 2  yes

Plea changed   5/8/84        Counts: Guilty   _____
             date

No Contest   JLC. ①        Not Guilty   _____

The verbatim transcription of Jackson's arraignment and the court's acceptance of Jackson's plea does not show that Jackson was informed of the permissible penalty which could be imposed after Jackson's conviction of the offense charged. After accepting Jackson's plea the court set a date for an enhancement hearing. At the enhancement hearing the court found that Jackson had a previous valid conviction for driving while intoxicated and sentenced Jackson. Jackson appealed to

the district court, which affirmed Jackson's conviction and sentence in the county court.

On appeal to this court Jackson argues that his plea was not voluntarily and intelligently made because the county court, before accepting Jackson's plea, failed to inform Jackson concerning the minimum and maximum penalties possible upon conviction. Jackson also argues that his sentence is excessive.

In *State v. Turner*, 186 Neb. 424, 425, 183 N.W.2d 763, 765 (1971), we stated that "a plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily." We went on in *Turner* to state: "Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea." *Id*. at 425-26, 183 N.W.2d at 765. See, also, *State v. Malek*, 219 Neb. 680, 365 N.W.2d 475 (1985); *State v. Fischer*, 218 Neb. 678, 357 N.W.2d 477 (1984).

Regarding the verity attributable to a checklist used for enhancement purposes, we held in *State v. Ziemba*, 216 Neb. 612, 628, 346 N.W.2d 208, 218 (1984),

> that a verbatim transcript of the rendition of a guilty plea is not constitutionally required, nor does absence of such a transcript require a finding that the plea was invalid. A checklist or other docket entry which is sufficiently complete to comply with the requirements . . . previously set out in this opinion can establish a valid waiver. A checklist or other such docket entry which is made by one authorized to make it imports verity, *and unless contradicted it stands as a true record of the event*.

(Emphasis supplied.)

In Jackson's direct appeal of his conviction, it is true that the transcript contains a checklist similar to that approved by this court in *State v. Ziemba, supra*. The checklist in this case indicates that Jackson was informed of and understood the possible penalties as a consequence of his conviction. However, the verbatim transcription of proceedings before the county court, contained in the bill of exceptions, is also before us and

contradicts the checklist completed by the county court. The verbatim transcript does not show that the county court informed Jackson about the possible penalties for his conviction of the offense charged. In this case the checklist was a synopsis or summary of the proceedings before the county court, while the verbatim transcript is more complete and a much more accurate account of what actually occurred at the entry of Jackson's plea. We therefore conclude, upon a reading of the entire record before us, the county court failed to inform Jackson concerning the possible penalty which might be imposed upon conviction of the offense charged. This leaves the question whether Jackson knew the possible penalty for the offense in question at the time he entered his plea.

In cases where we have found the defendant has not been informed of possible penalties upon conviction, we have followed the procedures set out in *State v. Curnyn*, 202 Neb. 135, 274 N.W.2d 157 (1979).

> We therefore remand this case to the sentencing court. In such court, defendant is granted the right to apply to that court for leave to withdraw his plea of guilty. Should defendant fail to exercise that right to seek withdrawal of his plea within 10 days of the issuance of the mandate in this case, then the sentence heretofore entered by the sentencing court shall stand.
>
> If the defendant elects to withdraw his plea, the trial court shall hold an evidentiary hearing to determine whether the defendant was, in fact, aware of the possible penalties for the offense in question at the time he entered his plea. If the court finds that defendant was not aware of the penal consequences of the plea, the judgment of conviction shall be deemed vacated and he shall be permitted to plead again. If the court determines that defendant was aware of the penalties and consequences of the plea, the judgment and sentence stand.

*State v. Fischer, supra* at 679, 357 N.W.2d at 478.

Since Jackson's sentence may stand if he fails to apply for leave to withdraw his plea of no contest, we must also dispose of Jackson's claim of excessive sentence, namely, Jackson's claim that the county court should have placed him on probation. A

conviction of operating a motor vehicle under the influence of alcoholic liquor, second offense, is a Class W misdemeanor. Conviction of a Class W misdemeanor authorizes punishment by a mandatory 30-day jail sentence, a fine of $500, and suspension of driving privileges for 1 year. In the alternative, there may be a sentence of probation, including prohibition of driving for 6 months and confinement in jail for 48 hours. See Neb. Rev. Stat. §§ 28-106 (Cum. Supp. 1984) and 39-669.07(2).

The presentence report regarding Jackson reflects that before the present prosecution Jackson had been arrested three times for driving while intoxicated. In 1980 Jackson was sentenced to 6 months' probation "for his second arrest for Driving While Intoxicated." Also, Jackson's license was previously revoked for Jackson's failure to submit to a chemical test under the implied consent law of Nebraska. Additionally, Jackson has been arrested for leaving the scene of an accident, driving under suspension, disorderly conduct, and speeding. The presentence report indicates many of these offenses may have been related to alcohol abuse.

An order denying probation and a sentence within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion on the part of the sentencing judge. *State v. Wood, ante* p. 388, 370 N.W.2d 133 (1985). There is no abuse of discretion in the sentence imposed on Jackson.

This cause is remanded to the district court, which shall return the case to the county court for proceedings in conformity with this opinion.

REMANDED FOR FURTHER PROCEEDINGS.