STATE OF NEBRASKA, APPELLEE, V. RICHARD H. JACKSON, APPELLANT.
394 N.W.2d 674

Filed October 17, 1986.   No. 86-050.

J. William Gallup, for appellant.

.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Per Curiam.

This appeal has its genesis in *State v. Jackson*, 220 Neb. 656, 371 N.W.2d 679 (1985) (*Jackson I*). As that opinion reflects, defendant, Richard H. Jackson, pled no contest to a charge of second offense driving while intoxicated filed in the county court. After accepting defendant's plea, the county court held an enhancement hearing, following which defendant was convicted as charged and sentenced. Defendant then appealed to the district court, which affirmed the judgment and sentence of the county court. Thereafter, defendant appealed to this court. Since the record did not affirmatively show that defendant knew the possible penalties for the offense to which he pled, this court remanded the matter with the direction that he be permitted to withdraw his plea if he so elected. In such an event the county court was directed to hold an evidentiary hearing to determine whether defendant was in fact aware of the possible penalties for the offense with which he was charged at the time he entered his plea. If so, the judgment and sentence would stand; if not, the judgment and sentence were to be vacated, and defendant would be permitted to plead again.

Defendant thereafter filed a motion in the county court to withdraw his "plea of guilty entered herein on the 8th day of May, 1984 . . . ." While the transcript tells us evidentiary hearings were held on that motion, we have not been provided with a bill of exceptions covering those hearings. The county judge's journal entry recites, however, that the motion was denied because defendant moved to withdraw a plea of guilty, which he had not entered, rather than to withdraw the plea of no contest, which he had entered and which was the subject of *Jackson I*. Defendant subsequently appealed that ruling to the district court but failed to appear at the hearing. The district court "dismissed" the appeal and directed the county court to "execute upon the sentence imposed."

Defendant has again appealed to this court and assigns as

error the district court's judgment of "dismissal" and its failure to "hear and determine" the appeal.

We agree with defendant's contention that the misdescription of the plea in his motion does not provide a basis upon which to determine his appeal to the district court nor to this court. The transcript reveals that the plea which resulted in *Jackson I* was in fact entered on the 8th day of May 1984. The guiding rules are that general pleadings are to be liberally construed, *George Rose Sodding & Grading Co., Inc. v. City of Omaha*, 187 Neb. 683, 193 N.W.2d 556 (1972), *appeal after remand* 190 Neb. 12, 205 N.W.2d 655 (1973), and that where there is a conflict between general and specific allegations of a pleading, the specific allegations control, *Gilbert v. Vogler*, 197 Neb. 454, 249 N.W.2d 729 (1977). There could have been no doubt as to which plea defendant referred, for there was but one plea which was entered on May 8, 1984. Moreover, the plea to which defendant referred was tied to a specific date, the date the plea of no contest was entered.

The county court's ruling did not resolve the issue presented by the motion defendant filed pursuant to the mandate of this court. Consequently, the district court erred in ordering execution of the sentence the county court had imposed.

Defendant's assignments having merit, the judgment of the district court is reversed. The district court is directed to remand the cause to the county court and to direct the county court to consider and rule on defendant's motion to withdraw the plea which was the subject of *Jackson I*, and to otherwise conduct itself in full accordance with this court's mandate in *Jackson I*.

REVERSED AND REMANDED WITH DIRECTION.

CAPORALE, J., dissenting.

Although I agree with the majority's conclusion that defendant's misdescription of the plea does not provide a basis for resolving this appeal, I nonetheless respectfully dissent. I do so because, in my view, the majority's analysis is incomplete and for that reason resolves the case incorrectly.

We have held that any assignment of error which requires an examination of the evidence cannot prevail on appeal in the absence of a bill of exceptions; the only question presented

under such circumstances is the sufficiency of the pleadings to sustain the judgment of the trial court. *State v. Turner*, 218 Neb. 365, 355 N.W.2d 219 (1984); *State v. Robinson*, 215 Neb. 449, 339 N.W.2d 76 (1983). Similarly, *State v. Richter*, 220 Neb. 551, 371 N.W.2d 125 (1985), refused to consider whether the defendant's plea had been voluntarily made because the bill of exceptions did not cover the arraignment hearing.

Thus, in the absence of a bill of exceptions covering the hearing held on Jackson's motion to withdraw his plea, we may properly consider only whether defendant's motion is sufficient to support the order of the county court overruling it. Obviously, the order overruling the motion is one of the alternative rulings the motion permitted the county court to make. Thus, the motion is sufficient to support the county court's order.

In the absence of evidence to the contrary, this court cannot conclude that the reason given by the county court for its ruling is the only reason which existed. If a proper reason for denying the motion was revealed by the evidence, the county court reached the right result for the wrong reason. Such an error in reasoning would be harmless, and harmless error forms no basis for reversing a judgment of guilt. *State v. Gregory*, 220 Neb. 778, 371 N.W.2d 754 (1985); *State v. Hunt*, 220 Neb. 707, 371 N.W.2d 708 (1985).

While the majority's resolution rendered unnecessary any discussion of defendant's argument that the district court lacked jurisdiction to "dismiss" his appeal from the county court, the foregoing analysis requires such a discussion.

It is true that at the relevant time, December 13, 1985, Neb. Rev. Stat. § 29-613 (Reissue 1985) (repealed in 1986 Neb. Laws, L.B. 529, effective April 10, 1986) provided in pertinent part: "The district court shall hear and determine any cause brought by appeal from a county court . . . upon the record and may affirm, modify, or vacate the judgment or may remand the case to the county court for a new trial." Neb. Rev. Stat. § 24-541.06 (Reissue 1985) provides, as it did at the relevant time, that, with an exception not relevant to this case, on appeals from the county court the district court may "affirm, affirm but modify, or reverse" the county court judgment. Whatever may have

been the power of a district court under the provisions of § 29-613 or under § 24-541.06 to dismiss an appeal from a county court, this case does not reach the issue. This is so because notwithstanding the use of the word "dismissal," the district court actually, by ordering execution of the county court sentence, affirmed the judgment and sentence of the county court. Just as defendant's misdescription of his plea did not change the true nature of his motion, neither did the district court's misdescription of its action change the true nature of its judgment. The district court unquestionably possessed power under the language of § 29-613, as it does under § 24-541.06, to affirm a county court judgment.

I would affirm the judgment of the district court.

BOSLAUGH, J., joins in this dissent.