IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. DAVIS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

SHAWN M. DAVIS, APPELLANT.


Filed February 25, 2020.    Nos. A-19-363 through A-19-365.


Appeals from the District Court for Douglas County: GARY B. RANDALL, Judge. Judgments in Nos. A-19-363 and A-19-365 affirmed. Judgment in No. A-19-364 affirmed in part, and in part vacated and remanded for resentencing.

Glenn A. Shapiro, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.


PIRTLE, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

INTRODUCTION

Shawn M. Davis appeals his plea-based convictions and sentences in case No. A-19-363 (possession of marijuana with the intent to distribute), case No. A-19-364 (escape when under arrest on a felony charge), and case No. A-19-365 (attempted possession of a firearm by a prohibited person). On appeal, he alleges that the sentences he received were excessive. We find plain error in his sentence in case No. A-19-364, and vacate the sentence and remand the cause for resentencing. We otherwise affirm.

BACKGROUND

In October 2018, Davis was charged by information in the district court for Douglas County with one count of possession of marijuana with the intent to distribute or deliver, in violation of

Neb. Rev. Stat. § 28-416 (Reissue 2016), a Class IIA felony, and one count of possession of a deadly weapon by a prohibited person, in violation of Neb. Rev. Stat. § 28-1206 (Reissue 2016), a Class ID felony. Although we do not have the bill of exceptions before us, we do have Davis' presentence investigative report (PSR) which details the circumstances of his arrest. It shows that in August 2018, Omaha Police officers responded to a call about an alleged kidnapping. Officers made contact with Davis and another suspect outside Davis' vehicle. Inside the vehicle, officers found five large plastic baggies containing marijuana. Officers also found a firearm in Davis' vehicle. In January 2019, Davis pled guilty to an amended information charging him with one count of attempted possession of a deadly weapon by a prohibited person, in violation of § 28-1206 and Neb. Rev. Stat. § 28-201 (Reissue 2016), a Class II felony.

At the time of his offense in case No. A-19-365, Davis was on probation in two separate cases. In case No. A-19-363, Davis was arrested in December 2016 for possession of marijuana with the intent to distribute, a Class IIA felony. Davis was initially sentenced to drug court; however, he was subsequently discharged and placed on probation. In September 2018, the State filed a motion to revoke his probation. Davis pled guilty to the motion to revoke his probation in January 2019.

In case No. A-19-364, Davis was arrested for escape while under arrest on a felony charge after he walked away from a Reentry Assistance Program (RAP) facility in June 2017, a Class III felony. He was sent to the RAP facility after failing a drug test while he was in drug court in case No. A-19-363. Davis walked away from the facility 20 minutes after he was checked in. Davis was placed on probation following his arrest for escape. In September 2018, the State filed a motion to revoke his probation, and in January 2019, he pled guilty to the State's charge.

In March 2019, Davis was sentenced in all three cases. In case No. A-19-363 he was sentenced to 8 to 10 years' imprisonment on the underlying charge of possession of marijuana with the intent to distribute or deliver, a Class IIA felony. In case No. A-19-364, Davis was sentenced to 3 to 5 years' imprisonment on the underlying charge of escape while under arrest on a felony charge, a Class III felony. In case No. A-19-365, Davis was sentenced to 8 to 10 years' imprisonment for attempted possession of a firearm by a prohibited person, a Class II felony. Davis' sentences in cases Nos. A-19-363 and A-19-365 were to be served concurrently, and his sentence in case No. A-19-364 was to be served consecutive to his other two sentences. Davis timely appealed.

## ASSIGNMENTS OF ERROR

In each case, Davis assigns that the district court abused its discretion and imposed an excessive sentence.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018).

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if

uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014).

ANALYSIS

Davis argues that the district court imposed an excessive sentence in each of his three cases, A-19-363, A-19-364, and A-19-365. We do not find his sentence in cases Nos. A-19-363 and A-19-365 to be excessive. However, we find plain error in his sentence in case No. A-19-364 and therefore vacate that sentence.

*Cases Nos. A-19-363 and A-19-365*.

Davis asserts that the district court abused its discretion and imposed an excessive sentence in each case. We disagree.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the outset, we note that Davis failed to file a praecipe for the bill of exceptions from the district court, and we are without one to review. In a criminal prosecution an assignment of error which requires an examination of evidence cannot prevail in the absence of a bill of exceptions. See *State v. Turner*, 218 Neb. 365, 355 N.W.2d 219 (1984). In the absence of a bill of exceptions, the only question is whether the pleadings are sufficient to sustain the judgment of the trial court. *Id*. The party appealing has the responsibility of including within the bill of exceptions matters from the record which the party believes are material to the issues presented for review. *State v. Bell*, 242 Neb. 138, 493 N.W.2d 339 (1992). Because we are without a bill of exceptions, we are unable to examine whether the district court considered the appropriate sentencing factors before imposing its sentence on Davis.

In case No. A-19-363, Davis was sentenced to 8 to 10 years' imprisonment on his original charge of possession of marijuana with the intent to distribute, a Class IIA felony. In case No. A-19-365, Davis was sentenced to 8 to 10 years' imprisonment for attempted possession of a deadly weapon by a prohibited person, a Class II felony. At the time of Davis' offenses and at the time of his sentencing, Class IIA felonies were punishable by up to 20 years' imprisonment, and Class II felonies were punishable by up to 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2018). Accordingly, both of Davis' sentences were within the statutory guidelines for his offense.

While Davis did not present us with a bill of exceptions to review, we do have his PSR before us. According to his PSR, Davis was 22 years old and had a high school diploma at the time of sentencing. Further, in addition to the offenses at issue in this case, Davis' criminal history consists of juvenile adjudications for criminal mischief, arson, truancy, and third degree assault. As an adult, Davis has numerous traffic offenses as well as a charge for carrying a concealed weapon.

Additionally, Davis' PSR indicates that he has spurned multiple opportunities to reform his criminal behavior. As a juvenile, Davis was placed on diversion twice, but successfully completed it only once. Moreover, as iterated above, Davis was initially sentenced to drug court following his arrest for possession of marijuana with the intent to distribute. He failed a drug test while in the program and was sent to the RAP facility, from which he then escaped. Davis was then placed on probation, which he was still under when he was again arrested for possession of marijuana with the intent to distribute and possession of a deadly weapon by a prohibited person. Additionally, Davis scored in the high or very high risk category in the following domains: criminal history, education/employment, leisure/recreation, companions, alcohol/drug problems, procriminal attitude/orientation, and antisocial pattern.

Based on the record before us, we do not find that the district court abused its discretion in sentencing Davis to 8 to 10 years' imprisonment in case No. A-19-363 and 8 to 10 years' imprisonment in case No. A-19-365.

*Case No. A-19-364.*

At the time of his arrest in case No. A-19-365, Davis was on probation in case No. A-19-364 following his escape from the RAP facility. Davis was sentenced to 3 to 5 years' imprisonment on the underlying charge of escape while under arrest on a felony charge, a Class III felony. At the time of his offense and sentencing, Class III felonies were punishable by a maximum of 4 years' imprisonment. § 28-105. A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). Consequently, because Davis' sentence was greater than what was statutorily allowed, his sentence of 3 to 5 years' imprisonment is unlawful. Appellate courts have the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one is pronounced. See *id.* Therefore, we vacate the sentence imposed for escape and remand the matter for resentencing on that conviction.

CONCLUSION

We vacate the sentence imposed on Davis in case No. A-19-364. We remand the cause to the district court to impose a sentence within the statutory guidelines for Davis' conviction. We otherwise affirm Davis' sentences.

JUDGMENTS IN NOS. A-19-363 AND A-19-365 AFFIRMED.
JUDGMENT IN NO. A-19-364 AFFIRMED IN PART, AND IN PART
VACATED AND REMANDED FOR RESENTENCING.