IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


STATE V. KUNC


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

DOUGLAS A. KUNC, APPELLANT.


Filed June 22, 2021.    No. A-20-850.


Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge, on appeal thereto from the County Court for Lancaster County: JOSEPH E. DALTON, Judge. Judgment of District Court affirmed.

Joe Nigro, Lancaster County Public Defender, and Mark D. Carraher for appellant.

Robert E. Caples, Assistant Lincoln City Prosecutor, for appellee.


RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Douglas A. Kunc was convicted in the county court for Lancaster County of assault, strike, or cause bodily injury. He was sentenced to 20 days in jail and assessed a $200 fine. He appealed his conviction to the district court, which affirmed the county court's judgment. Kunc now appeals to this court, alleging that the evidence presented at trial was insufficient to sustain the conviction. Because he failed to file a praecipe for bill of exceptions in the district court, however, we are unable to review the evidence that was presented at trial. We therefore affirm.

- 1 -

## BACKGROUND

In September 2019, Kunc was charged with assault, strike, or cause bodily injury in violation of the Lincoln Municipal Code. A bench trial was held before the county court, and Kunc was found guilty. The county court imposed a sentence of 20 days in jail and a $200 fine.

Thereafter, Kunc filed a notice of appeal to the Lancaster County District Court. He also filed a praecipe for transcript and a praecipe for bill of exceptions, which requested the preparation, certification, and delivery to the district court of a bill of exceptions of various proceedings held before the county court, including trial and sentencing.

The district court subsequently entered a written order on appeal. The order indicates that the court took judicial notice of the bill of exceptions, transcript, and presentence investigation report and that the matter was argued and submitted. After reviewing the evidence that was presented at trial and considering relevant law and the applicable standard of review, the district court found the evidence sufficient to support the conviction. It therefore affirmed the county court's judgment. Kunc now appeals the district court's decision.

## ASSIGNMENTS OF ERROR

Kunc assigns that the evidence presented at trial was insufficient to sustain his conviction.

## ANALYSIS

On appeal, Kunc challenges the sufficiency of the evidence presented at the trial before the county court. Therefore, in order to consider this issue, we must review the evidence that was presented. When Kunc noticed his intent to appeal the matter to this court, he filed a praecipe for transcript requesting that the district court prepare, certify, and deliver a transcript to this court. He did not, however, file a separate praecipe for bill of exceptions requesting the preparation of a bill of exceptions. The district court court reporter filed an affidavit attesting that no praecipe for bill of exceptions was filed in the district court.

A bill of exceptions is the only vehicle for bringing evidence before an appellate court, and evidence which is not made a part of the bill of exceptions may not be considered. *State v. Ferrin*, 305 Neb. 762, 942 N.W.2d 404 (2020). As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Id*.

Here, Kunc followed the proper procedure when requesting a bill of exceptions from the county court for purposes of his initial appeal to the district court. Neb. Rev. Stat. § 25-2733(2) (Reissue 2016) provides that for purposes of an appeal to the district court, the ordering, preparing, signing, filing, correcting, and amending of the bill of exceptions shall be governed by the rules of practice prescribed by the Supreme Court. The Nebraska Court Rules of Appellate Practice require that an appellant file a request to prepare a bill of exceptions in the office of the clerk of the district court at the same time the notice of appeal is filed. Neb. Ct. R. App. P. § 2-105(B)(1)(a) (rev. 2018). At the same time, the appellant shall deliver a copy of the request to the court reporting personnel. *Id*. Failure to file such request at the same time the notice of appeal is filed shall be deemed as a waiver of appellant of the right to request a bill of exceptions. *Id*. In such event, the appellee shall have 10 days from the date of filing of the notice of appeal to file a request for a bill of exceptions and deliver a copy of the request to the court reporting personnel. *Id*. Thereafter, no

request for a bill of exceptions may be filed without leave of the appellate court for good cause shown, which cause shall not be within a party's reasonable control. *Id*.

When Kunc appealed to the district court, he filed a praecipe for bill of exceptions, which the county court prepared and delivered to the district court. Upon further appealing the matter to this court, however, Kunc did not follow the procedure set forth in § 2-105(B)(1)(a) when he failed to file a praecipe for bill of exceptions with the clerk of the district court and with the court reporter.

We note that at the hearing before the district court, rather than marking the county court bill of exceptions as an exhibit and receiving it into evidence, the district court's order indicates that the court took judicial notice of the county court record, including the bill of exceptions. However, papers requested to be judicially noticed must be marked, identified, and made a part of the bill of exceptions. See *Bohling v. Bohling*, 304 Neb. 968, 937 N.W.2d 855 (2020). Thus, a bill of exceptions from the district court, containing the county court record, would still be required in order for us to review the evidence that was presented at trial.

In a criminal prosecution an assignment of error which requires an examination of evidence cannot prevail in the absence of a bill of exceptions. *State v. Turner*, 218 Neb. 365, 355 N.W.2d 219 (1984). In such a case the only question is whether the pleadings are sufficient to sustain the judgment of the trial court. *Id*. Without a bill of exceptions before us, we have no evidence to review in order to consider the assigned error, and the pleadings establish that Kunc was charged with the crime of which he was convicted. As a result, we affirm the district court's decision affirming Kunc's conviction and sentence.

CONCLUSION

Having no bill of exceptions from which to review the evidence presented at trial, we affirm the district court's order.

AFFIRMED.