Margaret F. McVey, Plaintiff-Appellant, v. Richard
Discher, d/b/a Elston Enco Service Station, et al.,
Defendant-Appellee.

Gen. No. 53,443.

First District.

March 20, 1970.

Head, Valentine and Purcell, of Chicago (Edward C. Purcell, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Paul L. Pawlowski, of counsel), for appellee.

ALLOY, J.

Plaintiff Margaret F. McVey sustained personal injuries as a result of a collision when the automobile in which she was riding was struck in the rear by a truck, owned by Harold Brown, d/b/a O'Brien Fuel Company, which was also proceeding in an easterly direction at the intersection of Cicero Avenue and Peterson Avenue in Chicago, Illinois. Plaintiff sustained personal injuries and filed suit against Harold Brown, the owner, and George Reitz, the driver of the truck. After the action was filed, plaintiff sent interrogatories to defendant, and in answer to the question as to whether an inspection was made of the braking system on the truck and the conveyor apparatus, plaintiff answered that Elston Enco Service Station, 4916 North Elston Avenue, Chicago, Illinois, had made such inspection. The interrogatories also revealed that another service station in Chicago made an Illinois safety inspection on the truck, and another garage also had some knowledge of the particular truck and the brakes. Plaintiff then filed an amended complaint naming as defendants Harold

Brown and George Reitz, Richard Discher, d/b/a Elston Enco Service Station, and the other garage and service station, as well as the truck corporation. This appeal involves only defendant Richard Discher, d/b/a Elston Enco Service Station.

In Count II of the amended complaint it is alleged that Elston Enco Service Station "maintained and inspected the brakes and all mechanical parts of said vehicle owned by defendant Harold Brown." It charged that the Elston Enco Service Station failed to properly maintain the braking mechanism, although it knew or should have known, that the brakes were in defective condition; failed to repair certain mechanical parts of the defective brakes; and improperly inspected or improperly repaired the brakes. It was further alleged that as a proximate result of one or more of the acts or omissions plaintiff was injured. Defendants Harold Brown and George Reitz answered the complaint and admitted that Elston Enco "maintained and inspected" the brakes. They denied that this was done negligently. Defendant Richard Discher, d/b/a Elston Enco Service Station, denied all the allegations.

Thereafter, defendant Discher, d/b/a Elston Enco Service Station, moved for summary judgment alleging that he did not "inspect, repair, or maintain or do any work in connection with the braking mechanism of the truck in question prior to December 5, 1964," the date of the accident. In the affidavit attached to the motion, Discher simply stated that he did not perform any work on the brakes and that the servicing of the vehicles of O'Brien Fuel Company consisted of providing gasoline and oil, performing certain tune-ups and lubrication jobs and that the only brake work Discher or any of his employees performed was on August 3, 1964, when some repairs were done to a hydraulic brake system as opposed to an air-brake mechanism.

Plaintiff replied to the motion for summary judgment, alleging that Harold Brown had answered, in both his interrogatory answer and his answer to the complaint, that Discher had inspected the brakes before December 5, 1964. Plaintiff also attached the discovery deposition of Harold Brown. In this deposition Brown stated that Discher and he had an oral agreement that Brown would bring his trucks in every thousand miles and Discher would do what was necessary to service them. In his deposition Brown was asked whether Discher was to do "whatever work was necessary to keep your trucks in top-flight condition" and answered "that's right." It was developed in the deposition that as Discher would do the work on the trucks he would send an invoice to Brown listing the work he had actually performed, but defendant Brown stated that if Discher checked something on the truck, such as the brakes, and they were working properly, this would not show up in the invoice as it was merely an inspection with no work performed. The deposition indicated that Discher was to inspect the brakes on the trucks brought in by Brown as part of the arrangement between Brown and Discher, which had been in existence for six or seven years.

The deposition of defendant Brown also indicated that he had inspected the air brakes of the truck involved shortly after the accident. He observed that there was an air reserve tank which was filled with compressed air each morning before the trucks went out and that the pet cock on such tank was broken off even with the tank. The driver of the truck had to plug this hole with a piece of wood in order to be able to drive the truck to a garage to be repaired. The break in the pet cock was a fresh break. The deposition also showed that immediately in front of the air tank was a 50-gallon gasoline tank for the truck which was held onto the truck by two metal straps. The tank was used as

411

a running board on the driver's side so that whenever a driver would get into the truck he would step on the gas tank. Defendant Brown in his deposition stated that he noticed after the accident that one of the straps holding the gas tank was broken, but he could not say if the broken strap was a fresh break.

██ On review, the question to be determined is whether the granting of summary judgment in favor of defendant, d/b/a Elston Enco Service Station, was proper. The parties to this action agree that the purpose of summary judgment is to determine whether there is a genuine triable issue of fact which must be passed upon. As stated in Watkins v. Lewis, 96 Ill App2d 182, 237 NE2d 830 (at 185):

> " 'If the pleadings, discovery depositions and exhibits, present a genuine issue as to any material fact, summary judgment should not be granted. Halloran v. Belt Ry. Co. of Chicago, 25 Ill App2d 114, 166 NE2d 98. The right of the moving party to summary judgment must be free from doubt. Miller v. Owens-Illinois Glass Co., 48 Ill App2d 412, 199 NE2d 300.' "

Under the statutes in this State (1967 Ill Rev Stats, c 110, § 57(3)) it is specified that a judgment may be entered forthwith if the pleadings, depositions, admissions on file, together with affidavits, show that there is no genuine issue of any material fact even though there is an issue as to the amount of damages. As stated in Slone v. Morton, 39 Ill App2d 495, at 498, 188 NE2d 493:

> " 'The purpose of the summary judgment procedure is not to try an issue of fact, but rather to determine whether there is an issue of fact . . . If there is a material issue of fact, it must be submitted to the jury. The right of the moving party to a judgment should be free from doubt.' "

412

While summary judgment procedure is to be encouraged, it is not to be used if there is a genuine issue of fact, or if fair-minded persons could draw different inferences from facts not in dispute. In such case a triable issue exists (Ruby v. Wayman, 99 Ill App2d 146, 150, 240 NE2d 699).

■ ■ Affidavits and pleadings also are to be construed as against the party seeking summary judgment for the reason that summary judgment and triable issues are incompatible (Di Battista v. Centennial Ins. Co., 52 Ill App2d 84, 86, 201 NE2d 466). In the Di Battista case, the court pointed out that affidavits in support of the motion are strictly construed while those in opposition receive a liberal construction. The benefit of the doubt goes to the party resisting the motion, and if there are any triable issues the motion is to be denied.

■ With respect to the case before us, it appears that the record justifies a conclusion that a genuine issue of material fact existed in the instant case. The amended complaint of plaintiff alleged that defendant Richard Discher, d/b/a Elston Enco Service Station, failed to maintain brakes on the truck although he knew or reasonably should have known that the brakes were defective. Defendant in his motion for summary judgment merely denied that he inspected, repaired or maintained the brakes in question. The interrogatories of Harold Brown, defendant, and the deposition of defendant Harold Brown also showed that there was an agreement with Discher that Discher was to inspect the brake systems and make the necessary repairs. Whether Discher, in fact, inspected the brakes or had a duty to inspect them under his agreement with Brown is a material fact in the cause before us.

■ It is contended by defendant Discher that the deposition of Harold Brown showed that the accident was a result of the breaking of one of the straps holding the

■■■■■■■■

gas tank and that this caused the tank to strike the air-brake tank behind it knocking off the pet cock, and thus causing a loss of air pressure in the brake system. While it is doubtful that this question could even be raised in this summary judgment proceeding, since the motion was based on the ground that defendant did not inspect or repair the brakes, there was still a fact question to be resolved as to whether the gas tank strap broke before or after the collision. The only factual material which appears from the affidavit of defendant Brown is that after the accident the gas tank strap was broken, and the pet cock on the air-brake tank, which was just behind the gas tank, was broken off. There is no showing as to whether the tank strap broke first causing the gas tank to hit the air brake tank or whether the air brakes failed first causing the collision which might in turn have caused the gas tank strap to break. Under such circumstances it is clear that there was a material question of fact as to whether the failure of the brakes could have caused the accident. Under such circumstances it was improper to grant the motion for summary judgment on the basis of the record before us.

The order of the Trial Court granting summary judgment to Richard Discher, d/b/a Elston Enco Service Station, is reversed and this cause is remanded to the Circuit Court of Cook County with directions to proceed in accordance with the views expressed in this opinion.

Reversed and remanded.

RYAN, P. J. and STOUDER, J., concur.