REGNEV, INC., APPELLANT, V. SHASTA BEVERAGES, INC., APPELLEE.

337 N.W.2d 783

Filed August 12, 1983. No. 83-226.

Monte Taylor of Taylor, Hornstein, Peters & Kluver, for appellant.

C. L. Robinson of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

SHANAHAN, J.

Regnev, Inc., appeals from a summary judgment entered in favor of Shasta Beverages, Inc. We reverse and remand.

Regnev's original petition stated in part that "on or about May 30, 1980, [the parties] entered into an express agreement wherein [Shasta] appointed [Regnev] as its representative for the distribution at wholesale of [Shasta's] line of nonalcoholic beverages . . . pursuant to a certain letter of appointment dated May 30, 1980, as expanded by a subsequent letter of appointment dated May 22, 1981." Shasta then filed and the court sustained a motion to make definite and certain, namely, that Regnev set forth the alleged contract between the parties by attaching a copy thereof to the petition. In its amended petition Regnev reiterated the allegation concerning an "express agreement" and the distributorship, but attached to the petition photostatic copies of the letters of May 30, 1980, and May 22, 1981, respectively. The letter of May 30, 1980, from Shasta to Regnev contained the following: "This letter is a follow up on the meeting between yourself and our Shasta Management team in Omaha.

"We are pleased that you are very enthusiastic about representing Shasta in many outlets we are now calling on . . . ." This letter then referred to the various accounts which were assigned to Regnev. The additional letter of May 22, 1981, referred to certain "military accounts" assigned to Regnev and a "redistribution fee" to be paid to Regnev regarding the military accounts. Shasta demurred to the petition, i.e., that the facts alleged in the amended petition did not state a cause of action. The demurrer was overruled and Shasta filed an answer (general denial). Shasta then filed a motion for summary judgment and alleged that "the pleadings demonstrate that the Franchise Practices Act . . . is not applicable and that there is no genuine issue of material fact and that defendant is entitled

to summary judgment of dismissal as a matter of law.''

In response to the motion for summary judgment and based on the pleadings only, the trial court determined that the two letters appended to Regnev's petition constituted the entire agreement between the parties and that such agreement did not constitute a franchise agreement which ''contemplates or requires the franchisee to establish or maintain a place of business within the State of Nebraska.'' See Neb. Rev. Stat. §§ 87-403(1) and 87-402(7) (Reissue 1981). The trial court granted summary judgment that any agreement between the parties was not within the purview of the Franchise Practices Act.

The Franchise Practices Act, Neb. Rev. Stat. §§ 87-401 et seq. (Reissue 1981), does not exclude an unwritten agreement regarding a franchise. The act specifically refers to ''any arrangement, agreement, or contract, either expressed or implied . . . .'' § 87-402(1). The problem in this case is created by Regnev's use of the phrase ''pursuant to'' in relation to certain letters from Shasta and the alleged franchise agreement. ''Pursuant to'' can mean ''in the course of carrying out.'' Black's Law Dictionary 1112 (5th ed. 1979). If this interpretation is used, the allegation in question in Regnev's petition can be interpreted to mean ''in carrying out the letters for distributorship, a franchise agreement was entered by the parties.'' The pleading is susceptible to the inference that there may be written documents regarding the distributorship, as reflected by the letters, and a contemporaneous or subsequent agreement with other basic, contractual terms for the franchise. These aspects of any agreement are not shown by the letters which Shasta claims set forth the entire agreement between the parties. There is some uncertainty whether the letters contain the entire agreement between the parties; whether the letters merely reflect an itemization of the accounts to

be serviced by Regnev in conjunction with a franchise agreement; and whether there may be some agreement contemporaneous with or subsequent to the initial letter of May 30, 1980, which refers to the accounts assigned to Regnev. Where the facts alleged are not in dispute but are susceptible of different and conflicting inferences, or where the ultimate inferences to be drawn from those facts are not certain, a summary judgment is not a proper disposition. The benefit of any doubt resulting from such varied inferences goes to the party resisting the motion. See, *Stolte v. Blackstone*, 213 Neb. 113, 328 N.W.2d 462 (1982); *McVey v. Discher*, 122 Ill. App. 2d 408, 259 N.E.2d 300 (1970). A motion for summary judgment is not intended to be a substitute for a motion to dismiss, a demurrer, or a motion for a judgment on the pleadings. See *Healy v. Metropolitan Utilities Dist.*, 158 Neb. 151, 62 N.W.2d 543 (1954).

Therefore, the judgment of the District Court is reversed and this matter is remanded for further proceedings.

REVERSED AND REMANDED.