GEORGE ALLAN, ALSO KNOWN AS JOE ALLAN, APPELLANT, V.
MASSEY-FERGUSON, INC., A FOREIGN CORPORATION, APPELLEE.
378 N.W.2d 664
Filed December 27, 1985.   No. 84-659.

John A. Wagoner of Wagoner Law Office, for appellant.

Daniel M. Placzek of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

This is an appeal from an order sustaining the defendant-appellee's motion for summary judgment. We reverse and remand for trial.

On September 24, 1975, plaintiff, George Allan, purchased a Massey-Ferguson 750 combine from Brodine, Inc., a dealer for the defendant manufacturer, Massey-Ferguson, Inc.

Massey-Ferguson manufactured and assembled the combine and its parts for delivery to the user. In October 1979 the combine began to malfunction, and on or about October 12, 1979, Allan contacted the Massey-Ferguson dealer in Grand Island and requested that the dealer send someone to inspect the machine. Lacking the personnel to inspect the machine that day, the dealer gave Allan instructions over the telephone. Allan followed the dealer's instructions and discovered an allegedly defective intake manifold gasket which allowed dust-laden air into the engine, causing damage to the engine. As a result of the damage, Allan had the engine repaired at the cost of $4,733.67, which he now claims. In addition, he claims $8,170 in lost custom harvest work.

Allan's petition, filed on October 7, 1981, alleges that Massey-Ferguson placed into the stream of commerce an engine with a gasket configuration that it knew or should have known was defectively designed and assembled so as to result in failure of the gasket sealant. Allan also alleged that Massey-Ferguson expressly and impliedly warranted that the combine was designed and assembled for the purpose of harvesting grains of all kinds and that it would operate under harvest conditions without damage or the necessity of modifications.

Massey-Ferguson answered, specifically denying that it gave Allan any warranties whatsoever and alleging that even if it had, Allan's action was barred by Neb. U.C.C. § 2-725 (Reissue 1980), the Uniform Commercial Code's statute of limitations. In sustaining the defendant's motion for summary judgment, the court specifically found that Allan's action was one for breach of express or implied warranty and concluded that the suit was barred by the 4-year statute of limitations. No finding was directed to the cause of action for negligence. Allan then perfected his appeal to this court.

Massey-Ferguson raises for the first time on appeal the contention that Allan's petition fails to state and number separately a cause of action for negligence as required by Neb. Rev. Stat. § 25-805 (Reissue 1979). This deficiency in pleading, Massey-Ferguson argues, precludes Allan from recovering on a negligence theory. Massey-Ferguson does not contend that

Allan's facts as pleaded fail to state a cause of action for negligence; it claims only that the petition does not separately state and number specific causes of action as required by § 25-805.

Massey-Ferguson's complaint about Allan's petition comes too late. A party may demur to a petition when one of a number of defects appears on the face of the petition. Neb. Rev. Stat. § 25-806 (Reissue 1979). Defects not apparent on the face of the petition are raised in the answer. Neb. Rev. Stat. § 25-808 (Reissue 1979); *Johnson v. Platte Valley Public Power and Irrigation District*, 133 Neb. 97, 274 N.W. 386 (1937). If no objection is taken by either demurrer or answer, the defendant waives its right to object except when the objection is to either the court's jurisdiction or to the petition's failure to state facts sufficient to constitute a cause of action. § 25-808.

Even assuming for the sake of discussion that Massey-Ferguson's objection was timely, we cannot say that Allan's petition does not comport with § 25-805. While we agree that the form of Allan's petition is less than standard, when applying a liberal construction to the pleadings, *George Rose Sodding & Grading Co., Inc. v. City of Omaha*, 187 Neb. 683, 193 N.W.2d 556 (1972), *appeal after remand* 190 Neb. 12, 205 N.W.2d 655 (1973), we find that the petition states separate causes of action for negligence and breach of warranty.

We consider next Allan's contention that § 2-725 does not bar his recovery under a breach of warranty theory. Section 2-725 provides in pertinent part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that *where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have*

*been discovered.*
(Emphasis supplied.)

This court interpreted and applied § 2-725 in *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979), holding that an action for breach of warranty in the sale of goods must be commenced within 4 years of tender of delivery, that the failure to discover the breach prevents the running of the statute only when the warranty explicitly extends to future performance, and that an implied warranty cannot explicitly extend to future performance.

In *Celotex* a manufacturer of roofing materials had given a guaranty bond under which it promised to repair leaks in the roof caused by ordinary wear and tear for a period of 20 years. We found that the bond did not constitute a warranty as to the future performance of the goods and held that the discovery exception in § 2-725(2) "applies only where the seller *explicitly* states, for example, that the product will 'last for 10 years.' " (Emphasis in original.) 203 Neb. at 568, 279 N.W.2d at 609.

We refined the *Celotex* rule in *Moore v. Puget Sound Plywood*, 214 Neb. 14, 332 N.W.2d 212 (1983), a case involving a purported implied warranty given by a manufacturer of lauan siding. The manufacturer pleaded affirmatively that the action for breach of implied merchantability and fitness for a particular purpose was barred by the statute of limitations in § 2-725. At trial the parties stipulated that the trial court could take judicial notice that siding is ordinarily supposed to "last the life of the house." 214 Neb. at 16, 332 N.W.2d at 214. We found that the seller had given an express oral warranty under Neb. U.C.C. § 2-313 (Reissue 1980) when it represented that the product was "siding" and that the description of the goods as "siding" created an express warranty that explicitly extended to future performance of the siding: "[I]n light of the expectations of the parties, the warranty . . . extended explicitly to future performance." 214 Neb. at 17, 332 N.W.2d at 215. Under these circumstances the buyer's cause of action was found not to accrue until the breach was discovered.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, that the ultimate inferences to be drawn from those facts are

clear, and that the moving party is entitled to judgment as a matter of law. *Smith v. Baker's Local No. 433 Welfare Fund, ante* p. 215, 375 N.W.2d 922 (1985). The burden is on the party moving for summary judgment to show that no issues of material fact exist, and unless that party can conclusively do so, the motion must be overruled. In considering a motion for summary judgment, the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. *Green v. Village of Terrytown*, 189 Neb. 615, 204 N.W.2d 152 (1973).

The record does not provide us the opportunity to review fully the evidence to determine whether genuine issues of material fact exist concerning the application of the statute of limitations to the warranty issue. As we have already stated, Allan alleged breach of express and implied warranties in his petition. In its answer Massey-Ferguson specifically denied that it had given any warranties whatsoever on the combine or its engine. However, there is evidence making reference to an exhibit 6, which is not in the record, referring to a combination sales contract, security agreement, and warranty and creating an inference of other terms or agreements supporting the plaintiff's position. Massey-Ferguson offers no affidavits, admissions, or deposition testimony in support of a prima facie showing that no warranty, or at least a limited warranty, existed so as to preclude Allan as a matter of law from relying upon the § 2-725(2) discovery exception.

We are left to wonder about the existence or scope of any implied or express warranties or any representations made or expectations raised in the course of the transaction. In a summary judgment action any reasonable doubt touching the existence of a material issue of fact will be resolved against the moving party. *Clemens Mobile Homes, Inc., v. Guerdon Industries, Inc.*, 199 Neb. 555, 260 N.W.2d 310 (1977). Because Massey-Ferguson has not met its burden of showing that no genuine issue of material fact exists, thereby entitling it to judgment as a matter of law on the issue of warranty, we reverse and remand to the district court for trial on all issues.

REVERSED AND REMANDED.

KRIVOSHA, C.J., concurs in the result.