AGNES SCHRODT, APPELLANT, V. SULLIVAN TRANSFER AND
STORAGE COMPANY, A NEBRASKA CORPORATION, APPELLEE.

383 N.W.2d 767

Filed March 28, 1986.   No. 85-005.

Daniel E. Wherry of Johnston, Barber, Wherry & Knight, for appellant.

William G. Blake of Pierson, Ackerman, Fitchett, Akin & Hunzeker, for appellee.

KRIVOSHA, C.J., WHITE, and SHANAHAN, JJ., and RIST, D.J., and COLWELL, D.J., Retired.

WHITE, J.

Agnes Schrodt appeals from an order of the Lancaster County District Court sustaining the appellee's, Sullivan Transfer and Storage Company's, motion for summary judgment. We reverse and remand for trial.

This case arises out of a contract dispute between Agnes Schrodt and Sullivan Transfer. Evidence was received in support of and opposing the motion. Taking a version most favorable to the appellant, the facts appear to be as follows. From 1956 until January 1982 Sullivan was in the business of moving household goods interstate and intrastate. Sullivan and Mrs. Schrodt entered into a written "Packing Contract" on

June 8, 1972, which provided that Mrs. Schrodt was to pack the household goods prior to their being moved, supply the necessary packing materials, employ and pay packing laborers, provide workmen's compensation, maintain accurate tax records, and provide liability insurance for packed goods. The original agreement also set out in some detail the rate of compensation for Mrs. Schrodt and her workers. What these individuals were to be paid depended upon the item packed, the type of container used, and the destination of the shipment—that is, whether it was an interstate or intrastate move.

The disputed provision of the packing contract, paragraph 1(c), provides:

> (c) If at any time during the term of this contract any of the rates and charges herein specified for any packers service shall not be the lawful rates and charges therefor, the lawful rates and charges shall be deemed substituted herein in place and stead of those herein specified and not then being lawful.

The record indicates that after discussions with Sullivan's manager, Earl Bottlinger, Mrs. Schrodt understood this provision to provide for a system of pay increases for her, depending upon the packing rates set by the Interstate Commerce Commission, which Sullivan can legally charge its customers. If the ICC tariff rates increased, Mrs. Schrodt was to receive the same percentage increase in her compensation.

After the packing contract was executed but before either party rendered any services, Mrs. Schrodt and Sullivan, through Mr. Bottlinger, modified the contract by a parol agreement. Under the new agreement Mrs. Schrodt was to be an employee rather than a subcontractor of Sullivan. This part of the written agreement was modified because of the quantity of paperwork it would generate for Mrs. Schrodt. However, according to Mrs. Schrodt, the method by which her salary increases were to be calculated was unaffected by the parol agreement—when ICC rates went up, Mrs. Schrodt's rate of pay was to go up accordingly.

Approximately 2 years later, Mrs. Schrodt discovered in conversations with drivers and other Sullivan employees that

the ICC rates had increased. Mrs. Schrodt asked Mr. Bottlinger about the rate increase and inquired when she would receive her raise pursuant to the orally modified packing contract. Mr. Bottlinger replied that he would speak with his superiors about the matter, but evidently he never did, or if he did he never responded to Mrs. Schrodt's request, except to assure her that something would be done. Consequently, Mrs. Schrodt continued to request "many times" of Mr. Bottlinger and of other Sullivan managers that they verify the increased ICC rates and arrange for her salary increase. Each time she was assured that the problem would be resolved. At the same time, she continued to work for Sullivan at a salary not reflecting any ICC rate increases.

After Mrs. Schrodt discovered the ICC increases and began demanding her pay increase under the agreement, she eventually received a raise. However, this raise was not based on the ICC tariff increases as contemplated in paragraph 1(c) but, rather, on a single, higher interstate rate for all packing jobs, regardless of the interstate or intrastate nature of the move.

The district court found that there were no genuine issues of material fact and that, as a matter of law, Mrs. Schrodt had waived the provision of paragraph 1(c) when she accepted a raise calculated in a manner inconsistent with it.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, that the ultimate inferences to be drawn from those facts are clear, and that the moving party is entitled to judgment as a matter of law. *Allan v. Massey-Ferguson, Inc.*, 221 Neb. 528, 378 N.W.2d 664 (1985). The burden is on the moving party to show that no issues of material fact exist, and unless the party can conclusively do so, the motion must be overruled. *Id.* Summary judgment is not appropriate, even where there are no conflicting evidentiary facts, if the ultimate inferences to be drawn from those facts are not clear. *Gilbert v. City of Tekamah*, 221 Neb. 614, 379 N.W.2d 758 (1986). The party against whom the motion is directed is entitled to the benefit of all favorable inferences to be drawn from the facts. *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35

(1985).

Summary judgment in this case was inappropriate because the record reflects a number of genuine issues of material fact. Mrs. Schrodt has maintained throughout that she did not relinquish any rights she may have had with respect to the method of calculating her wage increases when she and Mr. Bottlinger orally modified the written agreement. She further insists that when she accepted the eventual pay increase which was based only on ICC interstate rates, she in no way waived the provision in paragraph 1(c) which escalated her pay on a percentage basis of ICC rates. Mrs. Schrodt further maintains that when she accepted the eventual wage increase, it was understood to be a partial payment of the percentage-based wage increases due her under paragraph 1(c). She also contends that various managers of Sullivan led her to believe that the raise would be forthcoming retroactively. Finally, there is no evidence in the record indicating that the wage increase Mrs. Schrodt ultimately accepted was not related to the ICC tariffs or was calculated differently than agreed by the parties.

In support of its motion for summary judgment, Sullivan offered the depositions of Agnes Schrodt and Clifford Schrodt, her husband. Rather than illustrating the lack of genuine issues of material fact, these depositions support the existence of a number of factual disputes, not to mention any reasonable inferences that could be drawn. See, e.g., *Regnev, Inc. v. Shasta Beverages*, 215 Neb. 230, 337 N.W.2d 783 (1983). Sullivan has failed to meet its burden of establishing conclusively the lack of any material issue of fact in its quest for summary judgment. Accordingly, the judgment is reversed and the cause remanded for trial.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.