[No. B053266. Second Dist., Div. Four. Sept. 20, 1991.]

ETHEL KRIEGER, as Executrix, etc., et al., Plaintiffs and Appellants, v. NICK ALEXANDER IMPORTS, INC., Defendant and Respondent.

COUNSEL

Daniel M. Shapiro and Susan P. Butler for Plaintiffs and Appellants.

Schaeffer & Lax and Marjorie E. Motooka for Defendant and Respondent.

OPINION

EPSTEIN, J.—Ethel Krieger, as executrix of the Estate of Norman Krieger, and Robert Krieger (hereinafter appellants or the Kriegers) appeal from a judgment entered against them following the granting of a motion for summary judgment on their complaint for damages arising from the alleged defective performance of an automobile. The vehicle was purchased for Robert Krieger by Norman Krieger from respondent Nick Alexander Imports, Inc. (respondent). The trial court granted respondent's motion for summary judgment on causes of action for violation of the Song-Beverly Consumer Warranty Act (Civ. Code, § 1793.2); misrepresentation; breach of the covenant of good faith and fair dealing; breach of express warranty and negligence. The court concluded that each cause of action was barred by the applicable statute of limitations. On appeal, the Kriegers concede that their action for negligence is barred, but argue that the remaining actions are not barred. We conclude that based on the record before us appellants are entitled to proceed to trial on their causes of action under the Song-Beverly Consumer Warranty Act, for misrepresentation, and for breach of express warranty, and we reverse the judgment as to those counts. We affirm the judgment as to the cause of action for breach of covenant of good faith and fair dealing.

## FACTUAL AND PROCEDURAL HISTORY

On December 31, 1983, Norman Krieger, now deceased, purchased a BMW automobile for his son Robert Krieger from respondent. Within 24 hours, a portion of the drive train fell out. During the following five months, the automobile was returned to respondent for servicing five times. The car was last serviced by respondent on May 30, 1984.

At that time, Robert Krieger determined that respondent could not repair his car, and took it to another BMW dealer. The new dealer was selected at the suggestion of BMW of North America. In October 1984, Robert Krieger filed a complaint against respondent with the Automotive Consumer Action

Program (AUTOCAP), an entity sponsored by the Motor Car Dealers Association of Southern California.[1]

Appellants filed a verified complaint against BMW of North America, Inc., respondent, and two other BMW dealerships on February 5, 1988.[2] The complaint alleged five causes of action: (1) breach of warranty (Civ. Code, §§ 1792-1795.5), (2) misrepresentation, (3) breach of the covenant of good faith and fair dealing, (4) breach of written warranty, and (5) negligence. Appellants sought general damages, replacement of the automobile with another, incidental and special damages, and on the causes of action for misrepresentation and breach of the covenant of good faith and fair dealing, damages for emotional distress and punitive damages.

In July 1990, respondent brought a motion for summary judgment, or in the alternative, for summary adjudication of the issues. The primary ground of the motion was that each cause of action was barred by the applicable statute of limitations. Following oral argument, the trial court ruled that "2. The motion for summary judgment in favor of defendant Nick Alexander Imports, Inc. against plaintiffs is granted on the time-bar theories advocated by the movant. Plaintiffs have not laid a foundation indicating applicability of the tolling provisions of Civ. C. 1793.2(e)(2) against movant. [¶] 3. All the papers submitted, the admissible evidence, and the reasonable inferences from that evidence show that there is no triable issue as to any material fact, that the movant is entitled to a judgment as a matter of law, that the action has no merit as to movant, and that plaintiffs have presented no triable issue of material fact as to movant. CCP 437c(c)." Judgment was entered, and appellants filed a timely notice of appeal pursuant to Code of Civil Procedure section 437c, subdivision (l).

DISCUSSION

I

*Breach of Warranty*

Appellants' first cause of action alleges breach of the warranty provisions of the Song-Beverly Consumer Warranty Act (the Act). (Civ. Code, §§ 1792-1795.5.) The fourth cause of action alleges breach of a written warranty to repair the vehicle within 36 months of its purchase or during the first 36,000

---

[1]Respondent took the position that the AUTOCAP complaint had been dismissed. Appellants concede that they are unable to determine the exact period during which the Krieger complaint was pending at AUTOCAP.

[2]Defendants BMW of North America, Ocean Motors BMW, and Zipper BMW of Beverly Hills, also named in this action, are not parties to this appeal.

miles of its use, whichever first occurs. We treat these causes of action together because of our conclusion, discussed below, that they are governed by the same statute of limitations, California Uniform Commercial Code section 2725.

Respondent moved for summary judgment on the ground that the first cause of action was barred either under the general three-year statute of limitations for a liability created by statute, or the four-year statute of limitations for breach of warranty under California Uniform Commercial Code section 2725. Respondent also argued that the fourth cause of action was barred by California Uniform Commercial Code section 2725. The trial court granted the motion on the ground that each cause of action was untimely, but did not indicate which limitation period it applied.

Relying on Civil Code section 1793.2, subdivision (e)(1), appellants argue that their first cause of action did not accrue until one year after delivery of the automobile, or until the odometer reached 12,000 miles. Alternatively, they contend that both the three-year and four-year limitations periods were tolled by the provision for alternative dispute resolution within the Act, or by the doctrine of equitable tolling. Appellants argue that their fourth cause of action accrued in May 1984, on discovery of the breach of warranty by respondent.

Respondent contends that the first cause of action accrued no later than December 1984, and therefore is barred by the three-year limitations period of Code of Civil Procedure section 338. It argues that the statutory tolling period for alternative dispute resolution does not apply and that appellants cannot raise the doctrine of equitable tolling for the first time on appeal. As to the fourth cause of action, respondent asserts that it accrued on delivery of the automobile on December 31, 1983, and is therefore barred under California Uniform Commercial Code section 2725.

The question of which limitations period applies to an action under the Act is a matter of first impression. As we shall explain, we conclude that the four-year limitations period of California Uniform Commercial Code section 2725 governs both the first cause of action for breach of the Act and the fourth cause of action for breach of warranty. Each cause of action accrued no later than May 1984, when appellants concluded that respondent was unable to adequately service the automobile and sought another repair agency. The action was timely since it was filed within four years.

A. *Standard of Review*

"Summary judgment is proper where the evidence in support of the moving party is sufficient to sustain a judgment in his favor and there are no

triable issues of fact to be determined. [Citations.] The party moving for summary judgment has the burden initially to establish evidentiary facts of every element necessary to entitle him to judgment. [Citation.] Where, as here, defendant is the moving party, he must either negate a necessary element of plaintiff's case or establish a complete defense. [Citation.] That burden extends to matters which plaintiff would have to prove at trial. [Citation.] The reviewing court conducts a de novo examination to see whether the moving party is entitled to summary judgment as a matter of law or whether there are any genuine issues of material fact. [Citation.]" (*Enterprise Leasing Corp.* v. *Shugart Corp.* (1991) 231 Cal.App.3d 737, 744 [282 Cal.Rptr. 620].)[3]

## B. *The Controlling Limitations Period*

We begin with a review of the statutory schemes applicable to purchases of consumer goods. Sales of consumer goods are governed by two overlapping California statutory provisions.

In 1963, the Legislature enacted the California adaptation of the Uniform Commercial Code. (Stats. 1963, ch. 819, p. 1849 et seq.) The new law became effective January 1, 1965. (*Ibid.*) The California Uniform Commercial Code defines three kinds of warranty relevant to consumer purchases: express warranty, the implied warranty of merchantability, and the implied warranty of fitness for a particular purpose. (Cal. U. Com. Code, §§ 2313, 2314, 2315.) The California Uniform Commercial Code remedies include the right to reject nonconforming goods, to revoke acceptance, to cover by purchasing substitute goods, and to recover damages for breach of warranty. (Cal. U. Com. Code, §§ 2711-2721.) Punitive damages are not available. A

---

[3]There is a line of authority, beginning with *Hicks* v. *Bridges* (1957) 152 Cal.App.2d 146, 148 [313 P.2d 15], in which the standard of review is phrased in terms of whether the decision of the trial court amounts to an abuse of discretion. (See *Domingue* v. *Presley of Southern California* (1988) 197 Cal.App.3d 1060, 1063 [243 Cal.Rptr. 312]; *Rubio* v. *Swiridoff* (1985) 165 Cal.App.3d 400, 403 [211 Cal.Rptr. 338].) We do not agree with this characterization of the scope for appellate review of a summary adjudication under Code of Civil Procedure section 437c. With rare exceptions, the questions presented in such motions are matters of law, not involving the exercise of judicial discretion. (See *Barisich* v. *Lewis* (1990) 226 Cal.App.3d 12, 15, fn. 1 [275 Cal.Rptr. 331].) There are very limited circumstances where the trial court does exercise discretion in passing on a Code of Civil Procedure section 437c motion. One of them is under Code of Civil Procedure, subdivision (h), where a party seeks additional time for discovery. (*Danieley* v. *Goldmine Ski Associates, Inc.* (1990) 218 Cal.App.3d 111, 127-129 [266 Cal.Rptr. 749].) Others occur where the decision is based on the declaration of the sole witness to a material fact, or where the decision is based on a person's mental state. (Code Civ. Proc., § 437c, subd. (e); *Overland Plumbing, Inc.* v. *Transamerica Ins. Co.* (1981) 119 Cal.App.3d 476, 482-483 [174 Cal.Rptr. 1].) Otherwise, the issue is whether the moving party has established facts which negate the opponent's claim, if any, and justify a judgment in the movant's favor. (*Barisich* v. *Lewis, supra,* 226 Cal.App.3d at p. 15.) That is a question of law, and the appropriate scope of appellate review is independent examination.

seller is permitted to limit its liability for defective goods by disclaiming or modifying a warranty. (Cal. U. Com. Code, § 2316.)

These provisions of the code are limited in providing effective recourse to a consumer dissatisfied with a purchase. They make no provision for punitive damages, attorney's fees, consequential damages beyond those attendant to a substitute purchase, or for court supervised performance of warranties. (See Mueller, *Contracts of Frustration* (1969) 78 Yale L.J. 576 discussing the California Uniform Commercial Code with respect to consumer, as opposed to commercial, sales.)

The Song-Beverly Consumer Warranty Act was enacted in 1970. (Stats. 1970, ch. 1333, p. 2478 et seq.) The Act regulates warranty terms, imposes service and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties. (Civ. Code, §§ 1790-1795.8; see Comment (1979) 26 UCLA L.Rev. 583, 625-648.) It supplements, rather than supersedes, the provisions of the California Uniform Commercial Code. (Civ. Code, § 1790.3; see also Civ. Code, § 1794, subd. (b), incorporating specific damages provisions of the Cal. U. Com. Code.)

In 1982, the Legislature added a provision designed to give recourse to the buyer of a new automobile that suffers from the same defect repeatedly, or is out of service for cumulative repairs for an extended period. (Stats. 1982, ch. 388, p. 1720; Civ. Code, § 1793.2, subd. (e)(1).)[4]

The Act itself contains no express limitations period for a civil action. Section 2725 of the California Uniform Commercial Code provides a four-

---

[4]This provision, popularly known as the "Lemon law" is designed to dovetail with the remedy codified in section 1793.2, subdivision (d)(1) of the Act which provides: "[I]f the manufacturer or its representative in this state does not service or repair the goods to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."

Civil Code section 1793.2, subdivision (e)(1) provides in pertinent part: "It shall be presumed that a reasonable number of attempts have been made to conform a new motor vehicle to the applicable express warranties if, within one year from delivery to the buyer or 12,000 miles on the odometer of the vehicle, whichever occurs first, either (A) the same nonconformity has been subject to repair four or more times by the manufacturer or its agents and the buyer has at least once directly notified the manufacturer of the need for the repair of the nonconformity, or (B) the vehicle is out of service by reason of repair of nonconformities by the manufacturer or its agents for a cumulative total of more than 30 calendar days since delivery of the vehicle to the buyer. . . . This presumption shall be a rebuttable presumption affecting the burden of proof, and it may be asserted by the buyer in any civil action, including an action in small claims court, or other formal or informal proceeding."

year limitations period for breach of warranty. As we have noted, respondent contends that this cause of action is controlled by the general three-year limitations period of Code of Civil Procedure section 338, subdivision (a).

In determining the controlling statute of limitations, we look to both the procedural and substantive statutory scheme of the Act. (See *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 876 [140 Cal.Rptr. 638, 568 P.2d 363].) The Act includes an explicit provision expressing the legislative intent that it supplement the provisions of the California Uniform Commercial Code: "The provisions of this chapter shall not affect the rights and obligations of parties determined by reference to the Commercial Code except that, where the provisions of the Commercial Code conflict with the rights guaranteed to buyers of consumer goods under the provisions of this chapter, the provisions of this chapter shall prevail." (Civ. Code, § 1790.3; the "chapter" reference is to the Act.)

■ " 'Under settled rules of statutory construction, "a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." [Citation.] This rule applies to statutes of limitations and consequently a specific statute must take precedence over general statutes of limitation.' (*Committee for a Progressive Gilroy* v. *State Water Resources Control Bd.* (1987) 192 Cal.App.3d 847, 859 [237 Cal.Rptr. 723].)" (*Estate of Mason* (1990) 224 Cal.App.3d 634, 638 [274 Cal.Rptr. 61].)

In *Estate of Mason*, a former ward petitioned for an order requiring the surety on her guardian's bond to make payment. The surety contended that the trial court erred in applying the statute of limitations of Probate Code section 2333 rather than the general limitations period for any action based on a written instrument, codified in Code of Civil Procedure section 337. The Court of Appeal affirmed, holding that the specific statute of limitations in Probate Code section 2333 controlled. (224 Cal.App.3d at p. 638.)

The same doctrine was applied in *Committee for a Progressive Gilroy* v. *State Water Resources Control Bd., supra,* 192 Cal.App.3d 847. On petition for writ of mandate to compel regional and state boards to set aside certain orders regarding a wastewater treatment plant because no environmental impact report had been filed, the issue was whether the limitations period of the California Environmental Quality Act (CEQA) or the Porter-Cologne Water Quality Control Act controlled. The Court of Appeal concluded that

CEQA claims are governed by the CEQA statute of limitations rather than the general provisions of the Water Code. (*Id*. at p. 859.)

 The Act was intended to supplement the provisions of the California Uniform Commercial Code, rather than to supersede the rights and obligations created by that statutory scheme. (See Civ. Code, § 1790.3.) California Uniform Commercial Code section 2725 specifically governs actions for breach of warranty in a sales context. We conclude that this special statute of limitations controls rather than the general provision of Code of Civil Procedure section 338, subdivision (a) for liabilities created by statute.[5]

## C. *Accrual on Discovery*

 Section 2725 of the California Uniform Commercial Code provides that an action for breach of warranty accrues on tender of delivery. An exception is made where a warranty "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." (Cal. U. Com. Code, § 2725, subd. (2).) The parties do not cite, and we have not located, any California cases that have interpreted this

---

[5]Neither side raised the applicability of the general four-year statute of limitations for actions arising from a written agreement. (Code Civ. Proc., § 337, subd. 1.) We have examined that statute and it would appear that the same reasoning which leads to our conclusion that the specific limitations period of California Uniform Commercial Code section 2725 controls rather than the three-year period for liabilities created by statute also points to a conclusion that Code of Civil Procedure section 337, subdivision 1 does not apply. (Since each of these statutes provide for a four-year limitations period, the practical differences between them, if any, would appear to be rather technical, having to do with accrual of the cause of action.)

This result is consistent with the legislative intent. While the California Legislature did not adopt section 2-725 as part of the Uniform Commercial Code as originally enacted in 1963, the Legislature did adopt that section without modification in 1967. (Stats. 1967, ch. 799, § 5, p. 2207.) The California Code Comment explains the legislative history. "2. The reason for the omission was the view that the statute of limitations was purely a local problem. However, the Permanent Editorial Board comments that uniformity is desirable and the section in the Official Text 'was deliberately promulgated to eliminate jurisdictional variations and provide needed relief for concerns doing business on a nationwide scale.' [Citation.] [¶] 3. The basic 4-year period for instituting actions is in accord with the present California rule for the time for bringing actions on written contracts." (See Cal. Code Com., 23A West's Ann. Cal. U. Com. Code, § 2725 (1991 pocket pt.) p. 75.)

The official code comment on section 2725, prepared by the American Law Institute and National Conference of Commissioners on Uniform State Laws also enunciates the intent to preempt more general statutes of limitations that had governed contract actions. "To introduce a uniform statue of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice." (See U. Com. Code Com., 23A West's Ann. Cal. U. Com. Code, § 2725 (1991 pocket pt.) p. 75.)

section. California courts have looked to the decisions of other jurisdictions in such circumstances. (See *Massey-Ferguson Credit Corp.* v. *Casaulong* (1976) 62 Cal.App.3d 1024, 1027 [133 Cal.Rptr. 497].)

Other jurisdictions have applied the rule that a cause of action for a warranty of future performance accrues on discovery under Uniform Commercial Code section 2-725, subdivision (2) (the corresponding provision to California Uniform Commercial Code section 2725, subdivision (2) applicable to express warranties). (See *Klondike Helicopters, Ltd.* v. *Fairchild Hiller Corp.* (N.D.Ill. 1971) 334 F.Supp. 890, 893 [sale of helicopter]; *Hillcrest Country Club* v. *N.D. Judds Co.* (1990) 236 Neb. 233 [461 N.W.2d 55, 59, 64] [roofing sold with "20-year warranty"].)

A defendant who moves for summary judgment bears the burden of negating the applicability of the discovery exception for accrual of an action on a future warranty. This situation was presented in *Allan* v. *Massey-Ferguson, Inc.* (1985) 221 Neb. 528 [378 N.W.2d 664, 667]. In that case, the court held that a genuine issue of fact as to the applicability of the exception precluded summary judgment. In *Allan*, the buyer of a combine sued the manufacturer for breach of warranty and for negligence. The buyer's complaint alleged a warranty that the combine was designed for the purpose of harvesting all types of grain and that it would operate under harvest conditions without damage and without modification. (*Id.*, 378 N.W.2d at p. 665.) The manufacturer's answer specifically denied that it had given any warranty. (*Ibid.*)

Although the actual sales contract was not in the record on review, the Nebraska Supreme Court found evidence that a warranty had been given. (378 N.W.2d at p. 667.) The court then applied the rule that the party moving for summary judgment must establish that no material issues of fact exist, and concluded that the manufacturer had failed to negate the buyer's reliance on the discovery exception of Uniform Commercial Code section 2-725, subdivision (2). (*Ibid.*)

Here, appellants alleged in their verified complaint that had they received a written warranty that all defects would be repaired for a period of 36 months or within the first 36,000 miles of use. In opposition to the motion for summary judgment, appellants relied on the discovery rule codified in California Uniform Commercial Code section 2725, subdivision (2). They submitted a service information bulletin from BMW discussing problems with performance caused by the fuel quality in the United States. This document specifies that the service program designed to meet these fuel problems may reveal additional repairs needed "which are not covered by the regular BMW Limited Warranties." Appellants also submitted repair invoices which were labeled "warranty" in several places and which con-

tained standard clauses informing buyers of their right to have their automobiles repaired during the warranty period.

On appeal, respondent contends "This is not a case involving future performance as argued by Appellants. Even assuming BMW represented that it would repair the vehicle during a period of 36 months or 36,000 miles, whichever occurred first, this was merely an agreement by the manufacturer to repair the vehicle, free of charge, during this period. It was not a warranty of future performance and did not act [sic] extend the statute of limitation for an additional 4 years. . . . [¶] The warranty is given so as to allow the manufacturer to repair any problems with the vehicle without charge to the buyer. It is not provided for the purpose of allowing a buyer to extend the time he has to bring an action against the manufacturer, or an innocent retailer."

Apparently respondent takes the position that it did not promise that its automobiles would perform satisfactorily during the warranty period. Instead, it claims that it only promised to repair any defects which occurred.

A promise to repair defects that occur during a future period is the very definition of express warranty of future performance, not only under the Act (Civ. Code, § 1791.2), but also in the California Uniform Commercial Code section 2313. Civil Code section 1791.2 defines an express warranty under the Act to include "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in the utility or performance; . . ." The promise to repair in this case is plainly within this definition.

Appellants' evidence is also sufficient to raise a genuine issue as to the existence of an express warranty as defined by the California Uniform Commercial Code section 2313.[6] (See *Seely* v. *White Motor Co.* (1965) 63 Cal.2d 9, 13 [45 Cal.Rptr. 17, 403 P.2d 145] [statement, " '[t]he White Motor Company hereby warrants each new motor vehicle sold by it to be free from defects in material and workmanship under normal use and service, its obligation under the warranty being limited to making good at its factory any part or parts thereof . . .' " constituted express warranty]; *Anthony* v. *General Motors Corp.* (1973) 33 Cal.App.3d 699, 706-707 [109 Cal.Rptr. 254].)

---

[6]The definition includes "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." (Cal. U. Com. Code, § 2313.)

Based on the record before us, we conclude that appellants have raised an issue of material fact as to the applicability of the accrual on discovery rule codified in California Uniform Commercial Code section 2725, subdivision (2).

### D. *Accrual of the Causes of Action for Breach of Warranty*

A declaration by Nick Alexander, president of respondent, was submitted in support of the motion. Mr. Alexander declared that appellants' automobile had been serviced by respondent on January 4, 1984, January 30, 1984, February 3, 1984, and February 6, 1984 and had been repaired for the last time by respondent on May 30, 1984.

In opposition to the motion, appellants submitted Robert Krieger's deposition testimony explaining that he decided to take his automobile to another BMW dealership in May 1984 on the advice of BMW of North America after respondent had repeatedly failed to repair it.

Relying on Civil Code section 1793.2[7] appellants contend that their cause of action under the Act accrued, at the earliest, in December 1984. Appellants submitted evidence that the odometer read 11,560 miles on December 20, 1984. Respondent apparently argues that the first cause of action under the Act accrued in December 1984 and that the fourth cause of action for breach of express warranty accrued when the automobile was sold and delivered, on December 31, 1983.

We reject each of these arguments, and apply the discovery rule of California Uniform Commercial Code section 2725, subdivision (2). The statutory presumption aids a car owner in establishing when he or she has made a reasonable number of attempts to repair the vehicle. But it does not preclude an earlier date. Here, based on the evidence that Robert Krieger determined that respondent had been unable to repair his car as of May 30, 1984, a reasonable trier of fact could conclude that the cause of action accrued in May 1984.

This conclusion is consistent with the policy of the Act requiring buyers to give the seller of a "lemon" automobile a reasonable opportunity to repair it. (See Civ. Code, § 1793.2, subds. (d)(1), (e)(1).) If we adopted the position urged by respondent and held that a cause of action for breach of express warranty accrues on tender of delivery, before the seller has an opportunity to repair any defects, we would undermine the legislative purpose that the parties attempt to resolve any deficiencies in performance before resorting to

---

[7]See footnote 4, *ante.*

the remedies provided in the Act. In light of our conclusion that actions for breach of warranty under the Act and under the California Uniform Commercial Code are governed by the same statute of limitations, the same rule of accrual must apply to both causes of action. Application of California Uniform Commercial Code section 2725, subdivision (2) provides this consistency while meeting the policies of the Act.

Appellants' complaint was filed on February 5, 1988, less than four years from the accrual of the cause of action in May 1984. The causes of action for breach of warranty are not barred by the statute of limitations, and therefore, respondent was not entitled to summary judgment on this ground. We reverse the judgment as to counts 1 and 4.

## II

### *Misrepresentation*

Appellants' second cause of action alleges that respondent misrepresented that the automobile would operate on fuels generally available in California at the time of sale. They allege that respondent failed to disclose this problem to them or to the public, until after May 1986 when BMW initiated a "national engine campaign" to alert its dealers to modifications and adjustments necessary to operate its automobiles on available fuels.

Respondent contends that this cause of action accrued when appellants first discovered a defect in the vehicle in January 1984 (when the drive train fell out) and is therefore barred under Code of Civil Procedure section 338, subdivision (d). Appellants respond that the cause of action arose upon their discovery, in 1986, that the vehicle could not operate on available fuel without modification.

Code of Civil Procedure section 338, subdivision (d) provides that an action for fraud or mistake must be brought within three years. The statute sets out the rule to determine when the cause of action accrues: "The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Appellants submitted the declaration of Robert Krieger stating that he did not learn of BMW's national engine campaign until after March 1986. Appellants also proffered a service information bulletin from BMW dated May 1986, which stated that "[w]ith customer satisfaction as a main objective, BMW is introducing an Engine Campaign to insure that each and every BMW is equipped with the most technologically updated components in

order to cope with the quality of gasoline." The bulletin applied to appellants' vehicle year and model.

Contrary to respondent's argument, the cause of action for misrepresentation is based on the specific representations relating to the performance of the automobile on available fuel. Appellants submitted sufficient evidence to raise a genuine issue as to whether they could not have discovered the misrepresentation until May 1986 at the earliest.

III

*Breach of the Covenant of Good Faith and Fair Dealing*

Appellants' third cause of action alleges a breach of the covenant of good faith and fair dealing implied in the sales and warranty agreements. The cause of action is labeled "Tortious Bad Faith Breach of the Covenant of Good Faith."

Respondent contends that the cause of action is barred by the two-year statute of limitations of Code of Civil Procedure section 339, subdivision 1. Appellants respond that the four-year statute codified in California Uniform Commercial Code section 2725 governs.

A. *The Applicable Limitations Period*

In determining the controlling limitations period, we first examine the nature of this cause of action. "An allegation of breach of the implied covenant of good faith and fair dealing is an allegation of breach of an 'ex contractu' obligation, namely one arising out of the contract itself. The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes." (*Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654, 690 [254 Cal.Rptr. 211, 765 P.2d 373].)

In *Frazier* v. *Metropolitan Life Ins. Co.* (1985) 169 Cal.App.3d 90 [214 Cal.Rptr. 883], the court determined that an action for breach of the covenant of good faith and fair dealing was controlled by the four-year limitations period of Code of Civil Procedure section 337, subdivision 1 for an action arising on written contract. The respondent had urged the court to apply the one-year limitations period of Code of Civil Procedure section 340, subdivisions (1) and (3), governing actions for personal injury and punitive damages claims, or Code of Civil Procedure section 339, subdivi-

sion 1, which governs actions upon a contract not founded on a written instrument.

In rejecting the respondent's contentions, the *Frazier* court first determined that the cause of action sounded in both contract and tort, and that the plaintiff was entitled to make an election. (169 Cal.App.3d at p. 101.) The court then reasoned that the plaintiff was entitled to the benefit of the four-year statute of limitations governing actions on a written contract (Code Civ. Proc., § 337, subd. 1) if she elected to proceed on a contract theory. (*Id.* at p. 102.)

The court ruled that the defendant had failed to establish that plaintiff had made an irrevocable election or that she was estopped from relying on a contract theory. (169 Cal.App.3d at p. 101.) Based on the argument made by plaintiff on the statute of limitations issue, the court concluded that she was proceeding on a contract theory controlled by the four-year period of Code of Civil Procedure section 337, subdivision 1. (*Id.* at pp. 102-103.)

Applying the reasoning of *Frazier*, we conclude that respondent failed to establish that appellants elected to proceed only on a tort theory on their cause of action for breach of the covenant of good faith and fair dealing. Moreover, an examination of the record indicates that appellants are in fact, pursuing the contract theory. We therefore examine the timeliness of their complaint under the four-year period of Code of Civil Procedure section 337, subdivision 1.

### B. *Accrual*

In ordinary tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element necessary to the cause of action. (See *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421].) In contract actions, the cause of action generally accrues at the time of the breach. (*Whorton* v. *Dillingham* (1988) 202 Cal.App.3d 447, 456 [248 Cal.Rptr. 405].) The "discovery rule," an exception to this principle, provides that a cause of action does not accrue until the plaintiff discovers, or reasonably should discover, the existence of the cause of action. (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra*, 6 Cal.3d at p. 194.)

California courts have applied the "discovery rule" to both contract and tort causes of action in situations involving fiduciary relationships such as professional malpractice. (See *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra*, 6 Cal.3d at pp. 188-190, 194; *April Enterprises, Inc.* v. *KTTV* (1983) 147 Cal.App.3d 805, 829-830 [195 Cal.Rptr. 421], and cases cited.)

The discovery doctrine was also applied in a case involving a trade regulated by a statutory scheme which imposes a duty to disclose, similar to the duty imposed by a fiduciary relationship. (*Seelenfreund* v. *Terminix of Northern Cal., Inc.* (1978) 84 Cal.App.3d 133, 137-138 [45 Cal.Rptr. 17, 403 P.2d 145].)

Although the complaint alleges that a special relationship existed between the parties, no evidence was proffered to establish that the parties were either in a fiduciary relationship or that respondent was governed by a statutory scheme which imposed a duty to disclose as in *Seelenfreund*. The evidence submitted in opposition to the summary judgment established the existence of a traditional seller—buyer relationship, governed by the statutory schemes we discuss above. Appellants failed to provide evidence sufficient to raise an issue as to the application of the discovery rule to their cause of action for breach of the covenant of good faith and fair dealing.[8] On that basis, we affirm the summary judgment on the third cause of action.

## DISPOSITION

The judgment is affirmed as to the cause of action for breach of the covenant of good faith and fair dealing. The judgment is reversed as to the causes of action pursuant to the Song-Beverly Consumer Warranty Act, for misrepresentation, and for breach of express warranty. Appellants are to have their costs on appeal.

Woods (A. M.), P. J., and Cooper, J.,* concurred.

---

[8]Respondent challenged the adequacy of the cause of action for breach of the covenant only on statute of limitations grounds. We therefore do not address whether the cause of action may be subject to challenge on any other basis.

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.