**PACIFIC GAS & ELECTRIC COMPANY, Plaintiff–Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION,**
Defendant,

and

**CBS, Inc., Defendant–Appellee.**

No. 99–55778.

D.C. No. CV–98–02663–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2000.

Decided Jan. 2, 2001.

Before B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM [1]

Pacific Gas and Electric ("PG & E") timely appeals the district court's grant of summary judgment to CBS Corporation f/k/a Westinghouse Electric Corporation ("Westinghouse"). PG & E sued for breach of express contractual warranty because of metal cracking discovered in turbine rotors it had purchased from Westinghouse. The district court held that PG & E's claim was barred by the California statute of limitations. Because the parties are familiar with the facts and procedural history of this case, it is unnecessary to recount it here.

Under California law, the applicable statute of limitations is four years from the time the warranty breach was discovered. Cal. Com.Code § 2725(1) (West Supp.2000). The pivotal question in this appeal is when the cause of action for breach of warranty accrued. Under California law, when "a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered." *Id.*

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The district court erred in holding that PG & E should have discovered the breach in 1992. Although PG & E expressed concern about the rotors' susceptibility to cracking and a possible breach of warranty, the record indicates that they could not have discovered whether the blades were structurally susceptible until one of them actually cracked. *See, e.g., Kaiser Cement & Gypsum Corp. v. Allis–Chalmers Mfg. Co.,* 35 Cal.App.3d 948, 111 Cal.Rptr. 210, 218–19 (Ct.App.1973) (despite suspicious temperature fluctuation, cement plant could not have discovered insulation defect until motors actually failed); *cf. Krieger v. Nick Alexander Imports, Inc.,* 234 Cal.App.3d 205, 285 Cal. Rptr. 717, 725–26 (Ct.App.1991) (although car transmission had fallen out several times recently, jury reasonably found that owner should not have discovered warranty breach until fourth time). PG & E first discovered cracks in 1994. The claim accrued then.

The district court and Westinghouse incorrectly rely upon "mere suspicion" cases to find that PG & E's claim accrued in 1992. These cases involve non-warranty claims where plaintiffs had already discovered their injuries and should have discovered, but failed to discover, the exact cause of those injuries. *See, e.g., Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923, 925–26 (Cal.1988) (plaintiff knew her ovarian cancer was caused by mother's ingestion of DES, but failed to identify manufacturer within statutory period); *Gutierrez v. Mofid,* 39 Cal.3d 892, 218 Cal.Rptr. 313, 705 P.2d 886, 887–88 (1985) (plaintiff knew doctors performed hysterectomy without her permission because they told her). Here, as in *Kaiser,* no damage had occurred and no demonstrable defect had been uncovered. In short, a cause of action for express warranty breach had not accrued. Indeed, as Westinghouse virtually conceded at oral argument, PG & E probably would not have had a viable breach of warranty action if it had sued immediately upon mere suspicion. If Westinghouse's theory were to prevail, PG & E would never have a remedy for the contractual promises for which it bargained.

In sum, PG & E did not sue for anticipatory breach; it claimed relief for actual breach. Because PG & E could not have discovered that the warranty was breached until a blade actually cracked, we reverse the district court's contrary holding and remand for trial on the merits. We need not reach the other issues presented by PG & E.

REVERSED.