[No. F025197. Fifth Dist. Dec. 3, 1996.]

Estate of DONALD JOSEPH PERRY, Deceased.
GUY K. PERRY, Petitioner and Appellant, v.
ROBERT I. PERRY et al., Contestants and Respondents.

## COUNSEL

Sherman Rogers for Petitioner and Appellant.

Michael J. Lampe for Contestants and Respondents.

## OPINION

**THAXTER, J.**—In this case of first impression, we will hold that when a testamentary document prepared on a California statutory will form is signed by the testator and two attesting witnesses, the general Probate Code[1] requirements for execution of a will are satisfied, even though specific requirements for execution of a statutory will may not have been met.

### FACTUAL AND PROCEDURAL HISTORY

Donald Joseph Perry (decedent) died on August 7, 1995. Six days earlier his nephew, Guy K. Perry (appellant or Guy) bought a preprinted California statutory will form at a stationery store. At Guy's direction a friend filled out some blanks[2] on the form, and Guy then took the will to the convalescent hospital where decedent was a patient. The will form was purportedly signed by decedent[3] and two witnesses. With the exception of a 1961 van which was willed to Guy's son, the will left decedent's estate to Guy. Guy was also named executor of the will.

After decedent died, Guy filed a petition for probate of the purported will. Robert I. Perry and Alice D. Cardoza, (respondents) brother and sister of decedent, filed a contest and opposition to the will's admission. They stated three grounds of contest: (1) decedent was not of sound and disposing mind when the purported will was made, (2) the purported will was not executed by decedent in the manner and form required by law, and, (3) the purported will was made as a direct result of undue influence on the part of appellant.

Respondents moved for summary judgment. The sole issue they raised was that the will was not executed pursuant to the requirements of section 6221, which prescribes the manner of execution of a California statutory will. The trial court granted the motion, finding that because blanks in the will form were not completed by decedent personally, or in his presence and at his direction, the requirements of section 6221, subdivision (a) were not met. The court determined there was no triable issue as to any material fact and respondents were entitled to judgment as a matter of law. The purported will offered by appellant was denied probate.

---

[1]Unless otherwise noted, all statutory references are to the Probate Code.

[2]Appellant's friend filled in four portions of the will form: the blank for decedent's name at the beginning of the form; two dispositive selections to designated beneficiaries; and designation of appellant as executor.

[3]The document bears what purports to be decedent's signature in four places: in two boxes indicating choices for disposition of the estate; in a box provided for waiver of an executor's bond; and in a box provided for the testator's signature.

## DISCUSSION

### Standard of Review

■ A trial court's grant of a motion for summary judgment is reviewed de novo by the appellate court. (*Ann M.* v. *Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673-674 [25 Cal.Rptr.2d 137, 863 P.2d 207]; *Krieger* v. *Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 212 [285 Cal.Rptr. 717].) Additionally, the trial court's determination in this case turns on its interpretation of state law. " 'Issues of statutory construction present questions of law, calling for an independent review by an appellate court. [Citations.]' " (*Campbell* v. *Arco Marine, Inc.* (1996) 42 Cal.App.4th 1850, 1855 [50 Cal.Rptr.2d 626].)

### California Statutory Wills

In 1982 the Legislature added provisions to the Probate Code recognizing a new type of testamentary document known as a California statutory will. (Stats. 1982, ch. 1401, § 1, pp. 5338-5354.) The apparent legislative purpose was to offer persons an opportunity to execute a will on a preprinted form, with a limited number of dispositive choices, so that property could be devised in an expedient and inexpensive fashion. (See *Review of Selected 1982 California Legislation* (1983) 14 Pacific L.J. 370.)

Statutory wills are now governed by division 6, part 1, chapter 6 (§§ 6200-6243). The form itself is set out in section 6240. The dispositive provisions give several choices from which the testator may select by filling in appropriate blanks and signing in designated boxes. Section 6221, relied on by respondents and the trial court, states in its entirety:

"A California statutory will *shall* be executed *only* as follows:

"(a) The testator *shall* complete the appropriate blanks and shall sign the will.

"(b) Each witness shall observe the testator's signing and each witness shall sign his or her name in the presence of the testator." (Italics added.)[4]

There is no case authority on the subject of California statutory wills.[5]

---

[4]This code section is printed verbatim at the end of the statutory will form.

[5]See Krimmel, *A Criticism of the California Statutory Will* (1991) 19 Western St.U. L.Rev. 77 in which numerous potential problems with the statutory will are posited.

*There Is a Triable Issue Whether the Offered Will Was
Executed Pursuant to Section 6110*

 The trial court's order granting summary judgment was based on the conclusion that because decedent did not personally complete the blanks on the statutory will form, it was not executed in accordance with section 6221, subdivision (a) and cannot be admitted to probate. We will not reach that issue because, in any event, there is a triable issue whether the will's execution satisfied the requirements of section 6110. If it did, probate cannot be denied on the basis of improper execution.

Section 6110 reads as follows:

"(a) *Except as provided in this part*, a will shall be in writing and satisfy the requirements of this section.

"(b) The will shall be signed either (1) by the testator or (2) in the testator's name by some other person in the testator's presence and by the testator's direction.

"(c) The will shall be witnessed by being signed by at least two persons each of whom (1) being present at the same time, witnessed either the signing of the will or the testator's acknowledgment of the signature or of the will and (2) understand that the instrument they sign is the testator's will." (Italics added.)

On its face, the will offered for probate meets the requirements of section 6110. It is in writing, it appears to have been signed by decedent, and it bears a declaration signed by two witnesses attesting to the facts specified in section 6110, subdivision (c). The question, then, is whether section 6110 is inapplicable when the purported will is in the form of a California statutory will. We will hold it is not.

 The cardinal rule governing statutory interpretation is to " 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' " (*Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

 As noted, section 6110 begins with the words "[e]xcept as provided in this part . . . ." "This part" is part 1 of division 6, including sections

6100 through 6390, entitled "Wills." Thus, section 6110 states the general rules for execution of wills, subject to exceptions elsewhere contained in part 1. There are three such exceptions: section 6111 (holographic wills), section 6221 (statutory wills), and section 6382 (international wills).

Respondents do not point us to any statutory language suggesting the Legislature intended to make the provisions of section 6110 inapplicable simply because a testator uses a statutory will form but fails to meet all requirements of section 6221. On the contrary, language in section 6226, subdivision (c) evidences an opposite legislative intention. That subdivision provides:

"(c) Notwithstanding Section 6110, a document executed on a California statutory will form is valid as a will if all of the following requirements are shown to be satisfied by clear and convincing evidence:

"(1) The form is signed by the testator.

"(2) The court is satisfied that the testator knew and approved of the contents of the will and intended it to have testamentary effect.

"(3) The testamentary intent of the maker as reflected in the document is clear."[6]

The introductory phrase "[n]otwithstanding Section 6110" is illuminating in two respects. First, it shows that section 6110 is not generally inapplicable in chapter 6 dealing with statutory wills. Otherwise, there was no need for the Legislature to make it specifically inapplicable in section 6226, subdivision (c).

Second, by comparing the contents of section 6110 with those of section 6226, subdivision (c), we perceive a legislative goal of easing, not tightening, the general requirements for execution of wills on statutory will forms. Section 6110 states three general requirements: a writing, signing by the testator personally or by another at his direction, and signing by two witnesses. Section 6226, subdivision (c) also requires a writing ("a document

---

[6]Subdivision (c) of section 6226 was not part of the original legislation governing statutory wills but was added in a general revision of chapter 6 in 1991. (See Stats. 1991, ch. 1055, § 20 [Sen. Bill No. 271].) At the same time, the Legislature significantly amended the provisions of subdivision (b) of that section (formerly § 6225). Under prior law, additions to or deletions from the face of a statutory will form were "ineffective and shall be disregarded." (Former § 6225, subd. (b).) The new enactment allows the court to give effect to such additions or deletions "where clear and convincing evidence shows that they would effectuate the clear intent of the testator." (§ 6226, subd. (b).)

executed on a California statutory will form") and signing by the testator. It does not, however, require any witnesses, provided that the court is satisfied by clear and convincing evidence of the testator's intent. Thus, an unwitnessed will executed on a statutory will form may be admitted to probate even though the requirements of section 6221, subdivision (b) are not fully met. We see no reason to infer that the Legislature intended to deny probate when the will was properly signed and witnessed, but the testator did not personally complete the form's blanks.

We emphasize that the only issue before us is whether a triable issue exists concerning the proposed will's execution. We do not, for example, consider or express any opinion on whether the will, if ultimately admitted to probate, qualifies as a California statutory will subject to the definitions and rules of construction set forth in sections 6200 through 6211, inclusive (see § 6223). Neither do we offer any opinion on what effect any of the will's provisions may have or how they should be construed.

### DISPOSITION

Judgment reversed. Costs to appellant.

Ardaiz, P. J., and Wiseman, J., concurred.