NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICH SCHICK; CHERYL HUBER,

        Plaintiffs-Appellants,

  v.

BMW OF NORTH AMERICA, LLC,

        Defendant-Appellee.

No.   18-56438
       18-56595

D.C. No.
5:17-cv-02512-VAP-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted February 5, 2020[**]
Pasadena, California

Before:  THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Rich Schick and Cheryl Huber appeal the district court's grant of summary

judgment and award of costs in favor of BMW of North America, LLC (BMW).

As the parties are familiar with the facts, we do not recount them here.  We have

jurisdiction under 28 U.S.C. § 1291.  "We review de novo a district court's grant of

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment," *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018), and "review an award of costs for abuse of discretion," *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir. 2000). We affirm.

1. Schick and Huber bring three claims relating to BMW's alleged failure to repair their car's windows: (1) a claim under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1793.2(d)(2), which states that, in the event BMW could not "service or repair" the car "to conform to the applicable express warranties," BMW was required to "either promptly replace the new motor vehicle . . . or promptly make restitution;" (2) a claim for breach of implied warranty, Cal. Civ. Code § 1791.1(a); and (3) a claim for breach of express warranty, Cal. Civ. Code § 1791.2(a).

Under California law, these claims are subject to a four-year statute of limitations period that commences when the action accrues. Cal. Com. Code § 2725(1); *see also Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1305–06 (2009) ("[T]he statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by . . . section 2725 of the California Uniform Commercial Code."). However, under California's so-called "discovery rule," this four-year statute of limitations begins to run only "when the breach is or should have been discovered." Cal. Com. Code. § 2725(2); *see Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 216–18 (1991) (applying the discovery rule to

claims for a breach of warranty and other Song-Beverly Act claims). The California Supreme Court has explained that, under this discovery rule, "[o]nce the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988).

There is no genuine dispute of material fact as to when Schick and Huber first suspected that BMW could not repair their car's windows. Huber stated in a deposition that in May 2013, more than four years before she filed suit, she suspected BMW could not fix the windows. Furthermore, in a declaration submitted to the district court, Schick admitted that he "experienced ongoing issues" with the car's windows. Thus, a reasonable juror would be compelled to conclude that Schick became aware of the problems with the car as Huber discovered them, and therefore shared her suspicions as of May 2013. Because they did not initiate this action until November 2017, their claims are time-barred.

Schick and Huber's argument that BMW is estopped from asserting a statute of limitations defense is unavailing. "[T]he inadequacy of [BMW's] repairs, or the falsity of [BMW's] . . . representations, [did not] remain[] hidden until after the limitations period had passed." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 385 (2003). Rather, Huber and Schick first suspected BMW could not repair the car windows in May 2013. Furthermore, contrary to Schick and Huber's contentions,

3

there are no grounds for tolling the statute of limitations. Schick and Huber have not introduced any evidence that BMW fraudulently stated that it had repaired the windows, and they previously dismissed their fraud claim against BMW. *Cf. Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 637 (2007) (stating that tolling is available where the defendant has committed fraud).

2. Under California Civil Code § 1793.2(b), BMW was obligated to "service[] or repair[] [the car's windows] so as to conform to the applicable warranties within 30 days." Schick and Huber claim that BMW violated this statutory provision because the car windows did not work for a *total* of more than 30 days. However, under any reasonable reading of the statute, § 1793.2(b) requires only that BMW complete any *single* repair attempt within 30 days. Because BMW never took longer than 30 days to complete any single repair attempt, this claim fails as a matter of law.

3. The district court did not abuse its discretion in awarding costs against Schick and Huber. Under 28 U.S.C. § 1920(2), the clerk of the court may tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The $456.75 fee for Schick's deposition was "necessarily" incurred as part of obtaining the deposition, *id.*, even though Schick cancelled it after it was noticed. Furthermore, the $195.00 fee for the court reporter's time transcribing Huber's deposition is precisely the sort of expense contemplated by

4

§ 1920(2).  *See* C.D. Cal. R. 54-3.5(b) (permitting the prevailing party to recover the "reasonable fees of a stenographic reporter").

**AFFIRMED.**