**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| STEVE ZUEHLSDORF, individually, and on behalf of a class of similarly situated individuals, | No. 22-55270 |
| | D.C. No. 5:18-cv-01877-JGB-KK |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| FCA US LLC, a Delaware limited liability company, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted January 13, 2023
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Steve Zuehlsdorf brought implied warranty and consumer fraud claims

alleging defects in the transmissions of certain Jeep and Dodge vehicles

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

manufactured by defendant FCA between 2009 and 2013. We affirm in part, reverse in part, and remand for further proceedings.

**1.** The district court did not abuse its discretion in denying Zuehlsdorf's *ex parte* motion for leave to amend his opposition to FCA's motion for summary judgment by adding supplemental expert reports. Under a decision referenced in the district judge's standing order, to obtain *ex parte* relief an applicant must show that he is either "without fault in creating the crisis that requires ex parte relief" or chargeable only with "excusable neglect." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The district court properly concluded that, even assuming Zuehlsdorf's defect expert Michael Stapleford could not have realized that his report was premised on a factual mistake before Ronald Kruger's deposition, Zuehlsdorf had ample time after that deposition—over a month—to amend Stapleford's report before opposing summary judgment. Zuehlsdorf failed to do so, thereby "creating the crisis that require[d] ex parte relief." *Id.* Moreover, Stapleford's mistake was avoidable from the outset of the case. He testified that simply looking beneath the hood of Zuehlsdorf's car or reviewing Zuehlsdorf's dealership repair records would have alerted him to his misunderstanding.[1] Thus, the district court did not

---

[1] Although an expert need not examine the plaintiff's car for his testimony to be admissible, *see White v. Ford Motor Co.*, 312 F.3d 998, 1007–08 (9th Cir. 2002),

abuse its discretion in denying *ex parte* relief.  However, because we reverse and remand on a separate issue, the district court is free to revisit its ruling excluding the supplemental expert reports on remand if it wishes to do so.

**2.**  The district court did not abuse its discretion by excluding part of Stapleford's opinion as lacking relevance.  The district court admitted Stapleford's opinion that the transmissions were overfilled (the "fluid level defect") but excluded Stapleford's "cooler defect" opinion that the cars designed and sold without the external cooling system could not adequately cool their transmissions.  This latter ruling was not an abuse of discretion because Zuehlsdorf's car was designed and sold with an external cooling system.  Stapleford's opinion that cars unlike Zuehlsdorf's car were defective would not "help the trier of fact to . . . determine a fact in issue."  Fed. R. Evid. 702(a).  Accordingly, excluding the opinion was not an abuse of discretion.

**3.**  The district court erred by granting summary judgment to FCA on the issue of damages stemming from the fluid level defect.  Zuehlsdorf seeks to recover benefit-of-the-bargain damages, one valid measurement of which is how much it would cost to repair the defect.  *See Nguyen v. Nissan North America, Inc.*, 932 F.3d 811, 817–18 (9th Cir. 2019).  Repairing the fluid level defect would

---

that is not the issue here.  Rather, the fact that Stapleford had access to this information shows that FCA's reluctance to schedule Kruger's deposition earlier is not a justification for Zuehlsdorf's late-in-the-day application for relief.

undoubtedly cost some amount, so Zuehlsdorf has shown a triable issue regarding the *existence* of damages. The only question is whether Zuehlsdorf put forward evidence "sufficient to provide a reasonable basis for calculating the *amount*" of damages. *DuBarry International, Inc. v. Southwest Forest Industries, Inc.*, 282 Cal. Rptr. 181, 187 (Ct. App. 1991) (emphasis added); *see also Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001) ("[P]laintiffs must provide evidence such that the jury is not left to speculation or guesswork in determining the amount of damages to award." (internal quotation marks omitted)).

Even if Zuehlsdorf's damages expert Steven Boyles calculated the cost of repairing the cooler defect alone, the record still contains enough evidence to guide a jury's damages determination as to the fluid level defect. According to Boyles's calculation, the labor required to "[a]dd transmission fluid, bleed and check level" is half an hour and the transmission fluid involved would cost $24.50. From that evidence, a jury could reasonably estimate how much it would cost to repair the fluid level defect. Thus, summary judgment was improper on this aspect of Zuehlsdorf's claims.

**4.** We cannot affirm on the alternative ground that Zuehlsdorf's claims are time-barred because all of the claims are subject to the delayed discovery rule. *See Massachusetts Mutual Life Insurance Co. v. Superior Court*, 119 Cal. Rptr. 2d 190, 199 (Ct. App. 2002) (Consumer Legal Remedies Act); *Aryeh v. Canon Business*

*Solutions, Inc.*, 292 P.3d 871, 878 (Cal. 2013) (Unfair Competition Law).[2]  As for the implied warranty claim, "where a warranty explicitly extends to future performance of the goods . . . the cause of action accrues when the breach is or should have been discovered."  Cal. Com. Code § 2725(2).  FCA expressly warranted the future performance of Zuehlsdorf's car.  *See Krieger v. Nick Alexander Imports, Inc.*, 285 Cal. Rptr. 717, 724 (Ct. App. 1991).  Although Zuehlsdorf sues under the implied warranty of merchantability rather than FCA's express warranty, the existence of that express warranty triggers the discovery rule in § 2725(2), which applies when "*a* warranty" extends to future performance of the goods, not when *the* allegedly breached warranty does so.  *See Gale v. First Franklin Loan Services*, 701 F.3d 1240, 1246 (9th Cir. 2012) ("In construing a statute, the definite article 'the' particularizes the subject which it precedes and is a word of limitation as opposed to the indefinite or generalizing force of 'a' or 'an.'" (cleaned up)).

Triable issues of fact preclude summary judgment under the discovery rule.  FCA argues that Zuehlsdorf had "reason to at least suspect" his car was defective

---

[2] We held otherwise as to the Unfair Competition Law in *Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc.*, 285 F.3d 848, 857 (9th Cir. 2002), but that precedent is no longer binding on us because of the "subsequent indication" in *Aryeh* "that our interpretation was incorrect."  *See 3500 Sepulveda, LLC v. Macy's West Stores, Inc.*, 980 F.3d 1317, 1327 n.4 (9th Cir. 2020) (quoting *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)).

when he bought it because the car always exhibited a lag in acceleration. *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). But a rational jury could find that Zuehlsdorf was not on inquiry notice at the time of purchase because he testified that after reading the owner's manual, he came to understand that transmissions are now designed to operate with a lag and so he did not believe the car was defective.

FCA also argues that Zuehlsdorf should have suspected the defect when his car overheated in 2014. But the dealership purported to fix the issue and the car did not overheat again until 2018. A jury could find that Zuehlsdorf was first put on notice of the defect when a dealership mechanic told him in 2018 after a second overheating event that the transmission could not be repaired. Accordingly, we cannot conclude that Zuehlsdorf's claims are time-barred as a matter of law.

**5.** FCA also argues that Zuehlsdorf's implied warranty claims fail because, as a matter of law, his car was merchantable. We disagree. To the extent the alleged defect caused Zuehlsdorf's car to accelerate unreliably and lose power due to overheating, a reasonable jury could find that the alleged defect rendered the car unfit for its ordinary purpose of safe transportation. *See Gutierrez v. Carmax Auto Superstores California*, 248 Cal. Rptr. 3d 61, 75 (Ct. App. 2018); *Isip v. Mercedes-Benz USA, LLC*, 65 Cal. Rptr. 3d 695, 700 (Ct. App. 2007).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

The parties shall bear their own costs.